SANDRA BURGESS SMITH v. JEAN BURGESS AND EUGENE BURGESS

No. 8328DC1200

(Filed 15 January 1985)

**Parent and Child § 6.3— child custody—insufficiency of evidence to support charge**

Evidence was insufficient to support the trial court's conclusion that a child's best interests required that her custody be changed from defendant grandparents to plaintiff mother where the court found that plaintiff had married, had found employment, and had a "suitable residence" for the child to live in, but no findings were made as to plaintiff's earnings and her ability to care for and support the child, or as to why the best interests of the child would be served by removing her from the home which she had loved and thrived in since her birth eight and one-half years earlier.

APPEAL by defendants from *Harrell, Robert L., Judge.* Order entered 18 August 1983 in District Court, BUNCOMBE County. Heard in the Court of Appeals 30 August 1984.

Plaintiff sued her parents, the defendants, for custody of her own daughter, Paula Burgess, who was eight and a half years old when suit was filed. When the case was heard the court awarded custody of the child to plaintiff and defendants appealed.

The evidence at trial, largely undisputed, tended to show that: When plaintiff was about fourteen years old she became unstable and unmanageable; she was caught shoplifting and ran away from home several different times, taking up with first one young man, then another. While living with Joey English in 1974 the child involved was conceived, but after it was born in March 1975 plaintiff returned to defendants' home, where she and the child lived for about two years at defendants' expense. Plaintiff then moved out, leaving the child with defendants, who have supported and cared for her ever since. In December 1977 plaintiff agreed in writing for defendants to have custody of the child. Since then plaintiff has visited the child regularly, but its day to day care and support have been furnished by defendants. In early 1983 plaintiff asked for the child back and when defendants refused suit was filed. Plaintiff testified that when she left the child with defendants they agreed she could have it back when she married, which she did in August 1981 to George Smith. Defendant Jean Burgess testified that there was no such agreement and that plaintiff only stated that if she married within a couple of years "or had a home within the next two to three years" she would want her back. Defendants own their two bedroom home in Swannanoa, where they and the child have lived all along. Jean Burgess has been employed by a nearby factory for twenty years and now earns $235 a week. Eugene Burgess, temporarily disabled as the result of an automobile accident, draws $88.20 a week in workers' compensation. Jean Burgess leaves her factory job each day Paula is in school so as to be at home when Paula gets there, and Eugene Burgess is there when his wife is at work.

After living with him for one year, plaintiff married George Smith, a 40 year old disabled veteran, in August, 1981 and they have a seventeen month old son, who was conceived before the marriage. Plaintiff has just obtained a job at Old Fort Finishing on the 3 p.m. to midnight shift, but has not yet started to work. Plaintiff's husband, George Smith, is attending school on the G. I. Bill of Rights, has medical coverage for the family, and receives disability payments of $825 a month. He, plaintiff, and their baby

live in Black Mountain in a rented house that has three bedrooms, one of which is for Paula. Plaintiff testified that her husband would care for Paula after school hours and while plaintiff is working; but her husband, though present in court, did not testify. Defendants testified that Paula did not wish to leave the school in Swannanoa and becomes very upset when in the Smith home and George Smith yells at plaintiff. In chambers the judge asked the child who she would like to live with and she said she did not like her mother and wanted to live with defendants.

*Ronald E. Sneed for plaintiff appellee.*

*Bennett, Kelly & Cagle, by Harold K. Bennett, for defendant appellants.*

PHILLIPS, Judge.

In child custody cases it is fundamental that if the trial court's findings of fact do not support its conclusions of law the order resting thereon must be vacated and the cause remanded for a new hearing. *Green v. Green,* 54 N.C. App. 571, 284 S.E. 2d 171 (1981). The trial court's pertinent findings of fact in this case were as follows:

3. On 9 March 1975, Paula Michelle Burgess was born to the plaintiff.

4. In December of 1977 the plaintiff signed a custody agreement whereby the custody of Paula Burgess was given to the defendants.

5. When Paula Burgess was born in March of 1975 and in December of 1977, the plaintiff was unmarried and unemployed and unable to provide a home for the minor child.

6. That the plaintiff married George David Smith on August 22, 1981, and now has a home which is a suitable residence for the minor child.

7. The plaintiff is a suitable and fit person to have custody of Paula Burgess.

8. That it is in the best interest of the minor child that she reside with her natural mother, the plaintiff.

9. That there has been a change of circumstances since the custody agreement of December 15, 1977, was entered into by the plaintiff and the defendants, to wit: the Plaintiff is now married, employed, and has a suitable home for the child.

Clearly, these findings are insufficient to support the court's conclusions that the child's best interests require that her custody be changed to the plaintiff. No finding was made as to either plaintiff's earnings or ability to care for and support the child, or as to why the best interests of the child will be served by removing her from the home that she has loved and done well in for eight and a half years. That plaintiff is now married and has both a job and a "suitable residence" for the child to live in does not dispense with the necessity of such or similar findings, which, of course, could not have properly been made from the evidence recorded. Though plaintiff testified that her husband receives $825 a month in G.I. benefits and thus might be in position to contribute to the child's support, no evidence that he was willing to do so is recorded. Plaintiff's testimony that her husband would look after the child when she returns home from school was not buttressed by testimony that he is either able, willing, or qualified to do so; and nothing is recorded concerning his absences from the home while attending school or who will be there to supervise and care for the child during the days of school vacation when plaintiff will be mostly asleep following her work at the factory. And no evidence was presented that the atmosphere or quality of life in the Smith household was such as likely to promote the security, stability and emotional well being of this child, who, according to the record, has been well and lovingly cared for by defendants ever since she was born. Indeed, the only testimony relating to all thereto, about the child being upset whenever she had been in the Smith house and he had yelled at plaintiff, tended to show otherwise.

While trial judges in child custody cases have great latitude in determining what the best interests of such children require, it is a latitude limited by the evidence in each case. And in this case the evidence presented so far, in our opinion, simply does not justify removing the child involved from the home in which she has been living so satisfactorily for so long.

Vacated and remanded.

Judges WEBB and JOHNSON concur.