BETTY C. STEELE v. DONALD HOWARD STEELE, JR.

No. 7727DC599

(Filed 6 June 1978)

1. **Divorce and Alimony § 7— divorce from bed and board—necessary findings and conclusions**

In an action for divorce from bed and board under G.S. 50-7, the trial court should make adequate findings of fact (*i.e.* specific acts of misconduct) to support the conclusion of law that the non-injured party has (1) abandoned the family; (2) maliciously turned the other out of doors; (3) endangered the life of the other by cruel or barbarous treatment; (4) offered such indignities to the person of the other to render his or her condition intolerable; or (5) become an excessive user of alcohol or drugs so that the other's life is burdensome.

2. **Divorce and Alimony § 16— alimony order—necessary findings and conclusions**

An order granting alimony must contain one of the ten grounds for alimony listed in G.S. 50-16.2 as a conclusion of law, and such conclusion must be supported by findings of fact, which findings usually will involve the actions of the supporting spouse.

3. **Divorce and Alimony § 18.10— alimony pendente lite—necessary findings and conclusions**

In an order granting alimony pendente lite, the court must conclude as a matter of law that the party seeking alimony pendente lite (1) is the dependent spouse, (2) is a party in an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, and (3) from all the evidence presented pursuant to G.S. 50-16.8(f), (a) is entitled to the relief demanded in the action, and (b) is shown to lack sufficient means whereon to subsist during the prosecution or defense of the suit. Hence, findings of fact as to estates and earnings are necessary to conclude that the spouse is dependent and lacks sufficient resources with which to subsist during the litigation, and the court must also find that this spouse is plaintiff or defendant in one of the four listed actions and that the party has been heard orally, upon affidavit, verified pleading or other proof.

4. **Divorce and Alimony §§ 16, 18.10— alimony and alimony pendente lite—necessary findings and conclusions**

In the case of both alimony and alimony pendente lite, the order concerning amount must be supported by a conclusion of law that such amount is necessary under the circumstances, and this conclusion of law must be supported by specific findings of fact as to estates, earnings, earning capacity, condition, accustomed standard of living of the parties, as well as other relevant factors. G.S. 50-16.5.

5. **Divorce and Alimony § 25.11— child custody order—necessary findings and conclusions**

An order awarding child custody must contain a conclusion of law that the award of custody to that particular party "will best promote the interest and welfare of the child," G.S. 50-13.2(a), and such conclusion must be supported by

findings of fact as to the characteristics of the competing parties, which findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child.

**6. Divorce and Alimony § 24.9— child support order—necessary findings and conclusions**

In orders of child support, the court should make findings of specific facts (*e.g.* incomes, estates) to support a conclusion as to the relative abilities of the parties to provide support, G.S. 50-13.4. To determine the amount of support necessary to meet the reasonable needs of the child for health, education and maintenance (which are conclusions of law), the court must make findings of specific facts as to what past expenditures have been.

APPEAL by defendant from *Bulwinkle, Judge.* Judgment entered 27 April 1977, in District Court, LINCOLN County. Heard in the Court of Appeals 24 April 1978.

*M. Clark Parker for plaintiff appellee.*

*Thomas M. Shuford, Jr., for defendant appellant.*

ARNOLD, Judge.

This is a domestic case in which plaintiff wife sought divorce from bed and board, custody of the minor child, alimony, alimony pendente lite, and child support. Defendant husband excepted to the signing of the order awarding plaintiff custody of the minor child, child support and possession of the parties' dwelling. He argues that the trial court's order is not supported by sufficient findings of fact and conclusions of law and he asks that this case be remanded to trial court for a further hearing. Plaintiff appellee concedes that the order was not supported by sufficient findings of fact and conclusions of law and concurs in defendant's request for remand. We agree that the case should be remanded but, on remand, the trial court is directed to make findings of fact and conclusions of law based upon the 27 April 1977 hearing from which the trial court's original order was drawn.

We are aware of the difficulties experienced by trial courts in drafting orders in domestic cases. Many cases, both in this Court and in our Supreme Court, have dealt with the problem of insufficient findings of fact. These cases, however, are generally not helpful in explaining what is expected from district court

orders. A cursory review of the controlling statutes may aid those attempting to draft such orders.

[1] In an action for divorce from bed and board under G.S. 50-7, the trial court should make adequate findings of facts (*i.e.* specific acts of misconduct) to support the conclusion of law that the non-injured party has (1) abandoned the family; (2) maliciously turned the other out of doors; (3) endangered the life of the other by cruel or barbarous treatment; (4) offered such indignities to the person of the other as to render his or her condition intolerable; or (5) become an excessive user of alcohol or drugs so that the other's life is burdensome.

[2] In suits for alimony, the order granting alimony must contain one of the ten grounds for alimony listed in G.S. 50-16.2 as a conclusion of law. Findings of fact to support that conclusion must, of course, be made, and usually the finding or findings of fact necessary will involve the actions of the supporting spouse. For example, to conclude that the supporting spouse has committed adultery under G.S. 50-16.2(1) requires the court to find as fact that the spouse is the supporting spouse (see G.S. 50-16.1(4)) and that he or she has committed specific adulterous acts with another party.

[3] Similarly, in suits for alimony pendente lite, the grounds listed under G.S. 50-16.3 are conclusions of law necessary to justify an order granting such alimony. The court, therefore, must conclude as a matter of law that the party seeking alimony pendente lite (1) is the dependent spouse, G.S. 50-16.1(3), (2) is a party in an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce and, (3) from all the evidence presented pursuant to G. S. 50-16.8(f), (a) is entitled to the relief demanded in the action, and (b) is shown to lack sufficient means whereon to subsist during the prosecution or defense of the suit. Specific facts which support such a conclusion must be found. Hence, findings of fact as to estates and earnings are necessary to conclude that the spouse is dependent and lacks sufficient resources with which to subsist during the litigation. The trial court must also find that this spouse is plaintiff or defendant in one of the four listed actions and that the party has been heard orally, upon affidavit, verified pleading or other proof.

[4] In the case of both alimony and alimony pendente lite, the order concerning amount must be supported by a conclusion of law that such amount is necessary under the circumstances. This conclusion of law, in turn, must be supported by specific findings of fact as to the estates, earnings, earning capacity, condition, and accustomed standard of living of the parties, as well as other relevant factors. See G.S. 50-16.5.

[5] Before awarding custody of a child to a particular party, the trial court must conclude as a matter of law that the award of custody to that particular party "will best promote the interest and welfare of the child." G.S. 50-13.2(a). Findings of fact as to the characteristics of the competing parties must be made to support the necessary conclusion of law. These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child.

[6] Finally, in orders of child support, the court should make findings of specific facts (e.g. incomes, estates) to support a conclusion as to the relative abilities of the parties to provide support. G.S. 50-13.4. To determine the amount of support necessary to meet the reasonable needs of the child for health, education and maintenance (which are conclusions of law), the court must make findings of specific facts as to what actual past expenditures have been. Where past expenditures are below subsistence, due regard, of course, must be given to meeting the *reasonable* needs of the child.

The case *sub judice* is remanded in order that findings of fact and conclusions of law necessary to support the order of 9 May 1977 can be made.

Vacated and remanded.

Judges MORRIS and MARTIN concur.