BEVERLY DENISE GREEN v. THOMAS MICHAEL GREEN

No. 8110DC93

(Filed 17 November 1981)

**1. Divorce and Alimony § 25.11— child custody—insufficient evidence to support judge's finding**

**2. Divorce and Alimony § 25.1— lack of conclusion finding father "a fit and proper person to have custody"—no error**

It was not error for the court to fail to conclude that defendant was "a fit and proper person to have custody" as the conclusion of law determinative of the custody issue is not that the person gaining custody is a fit and proper person to have custody, but which party will best promote the interest and welfare of the child.

APPEAL by plaintiff from *Sherrill, Judge.* Judgment entered 22 August 1980 in District Court, WAKE County. Heard in the Court of Appeals 2 September 1981.

In an action for absolute divorce, plaintiff-wife sought custody of the minor child born to the marriage, Kelly Phoenix Green, and child support. Plaintiff stated in her complaint that during the parties' separation the child lived with her and that the defendant had failed to provide adequate support for the child. Defendant in his answer requested a full hearing on the matter of custody and support.

The evidence tends to show that during the marriage, the plaintiff was primarily responsible for the care of the child and the household, but that defendant also took care of the child and shared most domestic responsibilities. Defendant stated that he completed two years of college work during the marriage, but withdrew from school upon the couple's separation. His testimony

indicates that he was working at the time of this action as an electrical technician at a salary of $13,000 per year. He stated that he lives in a two bedroom apartment in Greensboro. Plaintiff averred that she, the child, and a man reside in a two bedroom duplex apartment in Raleigh. The man with whom plaintiff lives is an automobile mechanic, provides support for plaintiff and her child, and has a good relationship with the child. The child by all indications, is bright, clean, happy, healthy, and, with the aid of babysitters, protected and supervised at all times. The evidence indicates that plaintiff is a good and loving mother.

Defendant indicated his intention to enroll the child in a pre-kindergarten day care center in Greensboro. He testified that his mother, a nurse, lives approximately 30 miles from defendant's Greensboro residence.

After a hearing, the court entered the judgment awarding custody of the daughter to defendant-husband with visitation rights to plaintiff. Both plaintiff and defendant were found to be fit to have custody of the child, but the court found that the best interest and welfare of the child required that she be placed with her father. Plaintiff has appealed to this Court.

*Donald H. Solomon for plaintiff appellant.*

*Thomas M. Green, defendant appellee.*

MORRIS, Chief Judge.

G.S. 50-13.2(a) provides that an order for custody of a minor child "shall award the custody of such child to such person, . . . as will, in the opinion of the judge, best promote the interest and welfare of the child." This provision codified the rule declared many times by the North Carolina Supreme Court that in custody cases the welfare of the child is the polar star by which the court's decision must be governed. *In re Cox*, 17 N.C. App. 687, 195 S.E. 2d 132, *cert. denied* 283 N.C. 585 (1973); *In re Custody of Pitts*, 2 N.C. App. 211, 162 S.E. 2d 524 (1968). The judgment of the trial court should contain findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will best promote the interest and welfare of the child. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977); *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974).

While the welfare of the child is always to be treated as the paramount consideration, *Blackley v. Blackley,* supra; *Stanback v. Stanback,* 266 N.C. 72, 145 S.E. 2d 332 (1965); *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871 (1963), wide discretionary power is vested in the trial judge. *Blackley v. Blackley,* supra; *In re Moore,* 8 N.C. App. 251, 174 S.E. 2d 135 (1970); *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967); *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966). The normal rule in regard to the custody of children is that where there is competent evidence to support a judge's finding of fact, a judgment supported by such findings will not be disturbed on appeal. *Powell v. Powell,* 25 N.C. App. 695, 214 S.E. 2d 808 (1975); *Brooks v. Brooks,* 12 N.C. App. 626, 184 S.E. 2d 417 (1971); *Swicegood v. Swicegood,* supra; *see Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133 (1953). The facts found must be adequate for the appellate court to determine that the judgment is substantiated by competent evidence, however. *Montgomery v. Montgomery,* supra; *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545 (1972), *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356 (1972); *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

[1] The crucial question presented by this appeal is whether the evidence adduced supports the findings of fact by the trial court and whether those findings form a valid base for the conclusion of law. "[W]hen the court fails to find facts so that this court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby,* supra, at 238-39, citing *Swicegood v. Swicegood,* supra. We find that neither the record nor the findings of fact is sufficient satisfactorily to show that the order in this case is supported by the evidence.

There is lack of proof in support of the judge's finding that "[b]oth parties have a basically adequate plan for the care of the minor child." There is abundant evidence to show that plaintiff had a specific and workable plan for the care and supervision of the child. Defendant, on the other hand, indicated only that he would enroll the child in a pre-kindergarten and that he knew of such a facility near his home. There is no evidence that he had made inquiry at that or any other day care center. Unlike plaintiff, defendant has not indicated the existence of any comprehen-

sive babysitting arrangement even though he works some weekends. Nor is there any evidence to support the judge's finding of fact that "[d]efendant's mother . . . is willing and capable of providing assistance in caring for the child." The only evidence with regard to defendant's mother was that she lives approximately 30 miles from defendant and is a nurse. Although implicit in the court's finding, there is no concrete indication that she assented to take a part in the care of the child or to what extent she was willing to contribute to the youngster's nurture. It follows, based on the evidence adduced, that there is no support for the judge's finding that "[d]efendant's plan for day care for the minor child while he is working is preferable to the plaintiff." Apropos is *Darden v. Darden*, 20 N.C. App. 433, 201 S.E. 2d 538 (1974), in which lack of evidence as the defendant's child care arrangements was a significant element in this court's remand of a decision that granted custody to the defendant.

The trial court found that "[b]ased on the findings of fact above, both the plaintiff and defendant are fit to have custody of Kelly," but found further that the defendant could best promote the interest and welfare of the child. When the court finds that both parties are fit and proper persons to have custody, as it did here, and then adjudges that it is in the best interest of the child for the father to have custody, such holding will be upheld. But it must be supported by competent evidence. *See Griffith v. Griffith*, 240 N.C. 271, 81 S.E. 2d 918 (1954); *Grafford v. Phelps*, 235 N.C. 218, 69 S.E. 2d 313 (1952); *McEachern v. McEachern*, 210 N.C. 98, 185 S.E. 684 (1936). Our examination and consideration of the record leads us to the conclusion that the findings of fact set out above are not supported by competent evidence, and that the remaining findings of fact are not sufficient to support the conclusion that it was in the child's best interest that her custody be awarded to her father.

The trial judge indicated in his findings that plaintiff's paramour had been living with the plaintiff and minor child since the parties' separation. Such adulterous conduct alone is insufficient to determine custody. The court must consider all the facts of the case and decide the issue in the best interests of the child. *Blackley v. Blackley*, supra; *Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974). "[T]he findings bearing on the party's fitness to have care, custody and control of the child and the find-

ings as to the best interests of the child must resolve all questions raised by the evidence pertaining thereto." *In re Kowalzek,* 37 N.C. App. 364, 370, 246 S.E. 2d 45, 48 (1978), cert. denied, 295 N.C. 734, 248 S.E. 2d 863 (1978). We have said that the trial judge is not required to find all the facts shown by the evidence, but only enough *material* facts to support the judgment. *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971). In the case at bar, however, the judge's findings ignored relevant evidence regarding defendant's lack of visitation with the child, the plaintiff's devotion to the child, the amount of support provided by defendant, alleged physical assault by defendant upon plaintiff, and plaintiff's intention to marry the man with whom she lives. The trial court thus failed to resolve important questions raised by the evidence which bear directly on the best interests of the child, while making certain material findings in favor of the defendant that are not supported by the evidence.

[2] Plaintiff assigns as error a lack of conclusion of law that defendant was "a fit and proper person to have custody." We find no merit in this contention. "A 'conclusion of law' is the court's statement of the law which is determinative of the matter at issue between the parties." *Montgomery v. Montgomery,* supra at 157, 231 S.E. 2d 28-29. The matter at issue is custody. To support an award of custody, the judgment of the trial court should contain findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will "best promote the interest and welfare of the child." G.S. 50-13.2(a); *Blackley v. Blackley,* supra; *Williams v. Williams,* supra. The conclusion of law determinative of the custody issue is not, therefore, that the person gaining custody is a fit and proper person to have custody, but which party will best promote the interest and welfare of the child. Indeed, the trial court stated separately from the findings of facts, that "as a matter of law . . . it would be in the best interest of the minor child that Thomas Green have custody."

Evidence must bolster the trial court's findings, the findings must support the conclusions, and the conclusions must support the judgment. When the findings that are insufficiently supported are set aside, we perceive very little to buttress the judgment in this case. A new hearing is necessary in order that the court may make detailed findings with respect to the question of whether

the award of custody to the plaintiff or defendant will best promote the interest and welfare of the child.

Because of our conclusion that the facts found by the trial court are insufficient to sustain the award of custody in this case, we do not reach the question of whether the trial judge abused his discretion by failing to grant plaintiff's motion to amend the findings of fact pursuant to Rule 52(b) or for a new trial under Rule 59(a)(4) and (7) or Rule 60(b)(3). Nor do we discuss appellant's assignment of error with respect to alleged failure of the court and the defendant to comply with some of the jurisdictional requirements of G.S. 50A, the Uniform Child Custody Jurisdiction Act. We note that defendant has chosen to act for himself in this litigation without benefit of counsel.

Vacated and remanded.

Judges CLARK and WELLS concur.