CANDACE CLARK WITHEROW, Plaintiff v. CHARLES WILLIAM
WITHEROW, JR.

No. 8921DC457

(Filed 19 June 1990)

**1. Divorce and Alimony § 25.1 (NCI3d)— joint child custody
award—sufficiency of findings**

The trial court did not err in awarding joint custody of
the minor children to the parties where the court made find-
ings regarding the parties' financial status and what would
best serve the interests of the children, and the court had
before it plaintiff's own admission that she indeed thought
defendant to be a fit and proper person as stated in her verified
reply to defendant's answer and counterclaim.

**Am Jur 2d, Divorce and Separation § 990.**

**2. Divorce and Alimony § 24.1 (NCI3d)— child support—incorrect
financial affidavit as basis—award improper**

A child support award based on a financial affidavit which
includes personal expenditures not yet made by a party with
no concrete plans to make such expenditures cannot possibly
reflect the relative abilities of the parties to pay support at
that time, and the award may not stand.

**Am Jur 2d, Divorce and Separation §§ 1035, 1039, 1040.**

Judge PHILLIPS concurring in part and dissenting in part.

APPEAL by plaintiff from judgment entered 19 January 1989
by *Judge William B. Reingold* in FORSYTH County District Court.
Heard in the Court of Appeals 20 December 1989.

*Clyde C. Randolph, Jr. for plaintiff-appellant.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow
and Ronald B. Black, for defendant-appellee.*

ORR, Judge.

On 12 July 1988, plaintiff-wife filed this complaint alleging
that she and defendant were residents of Forsyth County, North
Carolina. They were married on 29 August 1970, subsequently hav-
ing four children.

WITHEROW v. WITHEROW

[99 N.C. App. 61 (1990)]

Plaintiff alleged that defendant is healthy, able-bodied and earns a substantial income from a family owned business and that he owns substantial assets in real estate, stock and securities. Plaintiff contends defendant is able to provide reasonable support and maintenance for her and their minor children. She alleged that she, on the other hand, is a full-time homemaker, without income from employment, and that she and the children are dependent upon defendant for support and maintenance. Plaintiff prayed for exclusive custody of the minor children, child support, alimony without divorce, and reasonable attorney's fees.

Defendant denied all material allegations in plaintiff's complaint. He requested absolute or joint custody, a dismissal of plaintiff's action and a divorce from bed and board.

Plaintiff filed a reply in which she admitted that defendant is a fit and proper person to have visitation with the children. Thereafter, on 9 December 1988, plaintiff voluntarily dismissed her claim for temporary and permanent alimony pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a).

At trial, plaintiff and defendant submitted numerous pieces of documentary evidence. Plaintiff submitted sworn statements from defendant and herself. One of the pieces of evidence introduced by defendant is a sworn statement from a Certified Public Accountant who had prepared the parties' joint tax returns from 1984 through 1987.

The trial court made several findings of fact and conclusions of law. It then awarded joint legal custody of the minor children to both parties but gave primary physical custody to plaintiff. The court also ordered defendant to pay plaintiff $250.00 per child per month for the support and maintenance of the children. The court further ordered defendant to increase that amount to $333.00 per child per month once the oldest child was graduated from high school or reached the age of 18. Defendant was ordered to continue to maintain insurance on the children. Plaintiff was awarded title to the family automobile, the former homeplace of the couple with all the furnishings, and attorney's fees. From that order, plaintiff now appeals.

Plaintiff's appeal, which raises four issues for our review, challenges the trial court's award of joint custody, its factual finding concerning defendant's reasonable living expenses and his gross

monthly wages. Plaintiff also challenges the trial court's award of monthly support for the minor children.

## I.

[1] We shall first address the issue of whether the trial court erred in awarding joint custody of the minor children to the parties. Plaintiff contends that the court erred in entering this order because there are no findings of fact supported by credible evidence in the record which would support a joint custody award. According to plaintiff, there is no showing that the best interests of the children will be served from this arrangement. Defendant argues that plaintiff's assignment of error, which does not assert that the trial court abused its discretion in this award, should be overruled because there is sufficient evidence to support the findings of fact and conclusions which are the basis of the court's decision.

Pursuant to N.C. Gen. Stat. § 50-13.2, an order for custody can be made to the person who "will best promote the interest and welfare of the child." Joint custody and any other custody award must include findings of fact which support such a determination of the child's best interests. N.C. Gen. Stat. § 50-13.2(a) and (b) (1987). The "welfare of the child is the paramount consideration which must guide the Court . . ." in its decision. *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974). Findings of fact regarding the competing parties must be made to support the necessary legal conclusions. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E.2d 466 (1978). "These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." *Id.* at 604, 244 S.E.2d at 468. However, the trial court need not make a finding as to every fact which arises from the evidence; rather, the court need only find those facts which are material to the resolution of the dispute. *Green v. Green*, 54 N.C. App. 571, 284 S.E.2d 171 (1981). This is a discretionary matter with the court which can only be disturbed upon " 'a clear showing of abuse of discretion.' " *Dixon v. Dixon*, 67 N.C. App. 73, 76, 312 S.E.2d 669, 672 (1984) (citation omitted).

In the case at bar, the court found that the parties had stipulated that plaintiff should have primary physical custody of the children, and that the issue of joint custody was within the court's discretion. The court further found that defendant's gross wages per month were in excess of $3,000.00 and that plaintiff's monthly wages were

approximately $262.00. The court then found that there was no evidence before it which persuaded it that a joint custody award should not be ordered and "that it would be within the best interest of the welfare of the minor children . . . that an order for joint legal custody . . . be entered . . . ."

Based upon the foregoing, we conclude that the trial court's decision is sufficiently supported and there was no abuse of discretion. In addition to findings regarding the parties' financial status and what would best serve the interests of the children, the court had before it plaintiff's own admission that she indeed thought defendant to be a fit and proper person as stated in her verified reply to defendant's answer and counterclaim. We find no reason to disturb the trial court's ruling as to this matter.

## II.

[2] The next issue is whether the trial court erred in finding as a fact that the reasonable expenses of defendant were accurately reflected in his financial affidavit. Plaintiff first argues that defendant overestimated his expenses. She also argues that the court erred in taking into its consideration rental payments which defendant was not making at the time of the hearing but which he might make in the future upon moving out of his parents' residence. Defendant contends, on the other hand, that the court was correct in considering these payments because he has a right to be able to afford to move from his parents' home in the future and not to have to provide such support as would make it impossible for him to move into his own residence.

In accordance with N.C. Gen. Stat. § 50-13.4, both the father and mother of a child are liable for the support of a minor child based upon, among other factors, their relative ability to provide support. The court is required to make findings regarding the parents' income, estates and present reasonable expenses in order to determine the parties' relative abilities to pay support. *Bottomley v. Bottomley*, 82 N.C. App. 231, 346 S.E.2d 317 (1986). Therefore, "[t]he amount of each parent's contribution to the support of the child is based upon the trial court's evaluation of each parent's circumstances, including a determination of certain factors mandated by G.S. 50-13.4(c). . . ." *Boyd v. Boyd*, 81 N.C. App. 71, 77, 343 S.E.2d 581, 585 (1986). However, the trial court's consideration of these factors is "an exercise in sound judicial discretion . . . ." *Id.* at 78, 343 S.E.2d at 586. The court must evaluate the

parents' present earnings as well as their reasonable living expenses for which an allowance, must be made.

Defendant completed a financial statement form in which he was asked to list "[his] monthly expenses . . . ." In that affidavit, defendant states that he pays $500.00 per month as rental or mortgage payments. However, defendant testified that he has lived in his parents' home since his separation with plaintiff and that he is not paying his parents any rent or other fees. He further stated that he allocated the $500.00 per month rent figure as "[his] estimate for when [he] get[s] his own apartment."

On this basis, we find that the trial court abused its discretion in computing defendant's child support amount based upon the proposed rental payment. The trial court's award was based, in part, on its finding that "the reasonable expenses of the defendant are accurately reflected in said affidavit." Consequently, an award which takes into consideration an unsubstantiated expense rather than a current expense is an abuse of the court's discretion. While this Court is mindful of the trial court's broad discretion, we are also aware of the fact that the relative ability of a party to pay support is based upon that party's net income as well as his "disposable income (net income after deducting personal expenses) . . . ." *Plott v. Plott*, 313 N.C. 63, 75, 326 S.E.2d 863, 871 (1985). Where, as here, the trial court includes personal expenditures not yet made by a party with no concrete plans to make such an expenditure, the award entered cannot possibly reflect the relative abilities of the parties to pay support at that time.

### III.

The next issue which plaintiff raised is whether the trial court erred in finding as a fact that defendant's gross wages from employment are $3000.00 per month, and in failing to make findings of fact on matters for which she made requests. Plaintiff argues that findings of fact and conclusions of law are necessary when requested by a party. Defendant contends that the court's findings with regard to this amount are supported.

In reviewing plaintiff's argument on these points, we find that she cited no authority in support of her contention that the court erred in its finding regarding defendant's wages. Consequently, that portion of her assignment of error is abandoned. *See* North Carolina Rules of Appellate Procedure, Rule 10 (1984). With respect

to the latter portion of her assignment, plaintiff states in her brief that the refusal of the trial court to grant paragraphs 6, 7, 8 and 9 of her request for findings of fact was error. We disagree. With the exception which we noted previously, the trial court made findings of fact which are amply supported by the record. The court was not obligated to make the specific findings which plaintiff requested. It is sufficient that the court made those findings which were necessary in order to resolve the material questions raised in this case. This assignment of error is overruled.

## IV.

Plaintiff's last assertion is that the trial court erred in awarding her child support in the amount of $250.00 per month per child because such amount is inadequate.

Without determining whether such amount is indeed inadequate, we will sustain plaintiff's assignment of error as to this issue on the basis of our earlier conclusion that the court abused its discretion in making an award based upon an amount which was represented as an actual expense despite defendant's admission that the amount merely represented his estimate of what he might spend for housing in the future. As we already noted, "[t]o comply with G.S. 50-13.4(c), the order for child support must be premised upon the interplay of the trial court's conclusions of law as to the amount of support necessary 'to meet the reasonable needs of the child' and *the relative ability of the parties to provide that amount." Plott* at 72, 326 S.E.2d at 867.

Accordingly, we shall reverse that portion of the trial court's order relating to the computation of child support to be paid by defendant. We shall not disturb the remaining portions of the court's order as we find no abuse of discretion as to those matters.

Affirmed in part, reversed in part and remanded for entry of findings consistent with the decision reached herein.

Judge EAGLES concurs.

Judge PHILLIPS concurs in part and dissents in part.

Judge PHILLIPS concurring in part; dissenting in part.

I concur in the majority opinion except for the part about the trial court's finding of fact as to defendant's gross monthly wages from employment being supported by evidence. While the evidence does show that $3,000 is the amount the family business pays defendant each month as wages the evidence, including that which he presented, also indicates without contradiction that his real compensation from the business is substantially more than that. The evidence shows without dispute that: The company enables him to be a member of a country club that has few, if any, members who earn only $3,000 a month; it has loaned him $48,576.16 in exchange for two interest bearing notes upon which no payment of either principal or interest has been made, though the first loan was in 1971 and the other in 1987. The stated purpose of the first loan (of $15,000) was to enable defendant to buy stock in the company; the second loan was to enable defendant to pay his share of the loss that was incurred in buying an airplane with three other people. When defendant's living expenses are taken into account, buying stock for $15,000, losing $33,576.16 in the joint purchase of an airplane, and belonging to a country club cannot be reconciled with the finding that his monthly compensation from the company is only $3,000. That finding should be vacated also and one made as to his real monthly income from the company.