ANGELA BROWN GABRIEL FLANDERS, PLAINTIFF v. JOEL PARKS GABRIEL, DEFENDANT

No. 9219DC473

(Filed 1 June 1993)

**Divorce and Separation § 354 (NCI4th)— child custody—evidence of abuse by stepfather—award to mother**

The trial court did not err in granting custody of a child to plaintiff mother rather than to defendant father, although there was some evidence that the child had been sexually abused by the stepfather, where the Department of Social Services had investigated and found that the child had not been neglected or abused, and where the trial court's finding that plaintiff mother offered a stable and continuous environment for the child supported the court's conclusion that it was in the best interest of the child for plaintiff mother to be granted custody.

**Am Jur 2d, Divorce and Separation §§ 974 et seq.**

Judge WYNN dissenting.

Appeal by defendant from judgment entered 31 December 1991 in Cabarrus County District Court by Judge Clarence E. Horton, Jr. Heard in the Court of Appeals 15 April 1993.

Plaintiff Angela Brown Gabriel Flanders and defendant Joel Parks Gabriel were married in August of 1980 and were divorced in January of 1991. On 28 February 1986, plaintiff gave birth to the couple's only child, Jacob Parks Gabriel. When the parties separated in July of 1989, Jacob resided with plaintiff, and defendant visited Jacob on a weekly basis. While visiting the child in April of 1990, defendant noticed that Jacob was experiencing pain in his midsection. Defendant brought Jacob to an emergency room in Forsyth County. The emergency room physician noticed that the child had bruises in his genital area and reported his findings to the Forsyth County Department of Social Services. The Forsyth County Department of Social Services conducted an investigation in an attempt to determine who, if anyone, was abusing Jacob. The investigation was closed with inconclusive findings. In August of 1990, plaintiff moved to Charlotte, N.C. and later to Harrisburg, N.C., in Cabarrus County.

FLANDERS v. GABRIEL

[110 N.C. App. 438 (1993)]

In the summer of 1991, defendant remarried and moved to Pennsylvania. During Labor Day weekend of 1991, Jacob was visiting defendant at defendant's home in Pennsylvania. Alleging that Steve Flanders, plaintiff's husband, was abusing Jacob, the defendant refused to return Jacob to plaintiff. On 11 September 1991, plaintiff filed an action in North Carolina seeking custody of Jacob, child support, and attorney fees. On that same date, an emergency custody order was entered by Judge Clarence E. Horton, Jr., awarding temporary custody of Jacob to plaintiff and ordering defendant to return Jacob to plaintiff in North Carolina. On 12 September 1991, defendant filed for emergency custody in Pennsylvania, and on 16 September 1991, a Pennsylvania court awarded defendant temporary custody of Jacob.

In North Carolina, on 18 September 1991, defendant filed an answer and counterclaim seeking custody of Jacob, child support from plaintiff, and attorney fees. Defendant also filed a motion seeking to dissolve the temporary custody order filed by Judge Horton in North Carolina. On 16 October 1991, Judge Horton entered an order denying defendant's motion and awarding temporary custody of Jacob to plaintiff, on the condition that the minor child not have any contact with Steve Flanders.

After plaintiff was granted emergency custody, the Cabarrus County Department of Social Services conducted an investigation based on defendant's allegations and reported that it found insufficient evidence to conclude that Jacob had been abused or neglected. On 3 October 1991, Steve Flanders, plaintiff's husband, entered into an agreement with the Cabarrus County Department of Social Services in which he agreed to refrain from physically assisting Jacob in his toileting, to refrain from touching Jacob's private parts for any reason, and to limit his wrestling playtime holds with Jacob to non-choking holds.

The plaintiff's complaint for custody and the defendant's counterclaim for custody were heard on 18 December 1991. On 9 January 1992, Judge Horton entered an order awarding custody of Jacob to plaintiff and granting visitation rights to defendant. Defendant gave notice of appeal on 17 January 1992.

*Susan V. Thomas for plaintiff-appellee.*

*Helms, Cannon, Hamel & Henderson, P.A., by Thomas R. Cannon and William B. Hamel, for defendant-appellant.*

WELLS, Judge.

On appeal, defendant contends that the trial court erred when it awarded custody of Jacob to plaintiff, the child's mother. In *Witherow v. Witherow*, 99 N.C. App. 61, 392 S.E.2d 627, *affirmed*, 328 N.C. 324, 401 S.E.2d 362 (1991), this Court addressed the appropriate standard of appellate review to be implemented when reviewing a trial court's custody order. The *Witherow* court wrote:

> The "welfare of the child is the paramount consideration which must guide the Court . . ." in its decision. *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974). Findings of fact regarding the competing parties must be made to support the necessary legal conclusions. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E.2d 466 (1978). "These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." *Id.* at 604, 244 S.E.2d at 468. However, the trial court need not make a finding as to every fact which arises from the evidence; rather, the court need only find those facts which are material to the resolution of the dispute. *Green v. Green*, 54 N.C. App. 571, 284 S.E.2d 171 (1981). This is a discretionary matter with the court which can only be disturbed upon " 'a clear showing of abuse of discretion.' " *Dixon v. Dixon*, 67 N.C. App. 73, 76, 312 S.E.2d 669, 672 (1984). (Citation omitted.)

In the case at bar, defendant first contends that the trial court erred by finding facts that were not supported by the evidence. "Where trial is by judge and not by jury, the trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *In re Estate of Trogdon*, 330 N.C. 143, 409 S.E.2d 897 (1991). Specifically, defendant objects to the trial court's following findings of fact:

> 9. That the Defendant has made allegations of sexual abuse of the minor child of the parties against the present husband of the Plaintiff, Steve Flanders; that said allegations have not been substantiated by evidence at this hearing.
>
> . . .
>
> 11. That the best interests of the minor child require that he be allowed to remain in a stable, continuous environment;

the home he has with the Plaintiff and her present husband appears to be such a stable environment.

12. That the Plaintiff is a fit and proper person to have custody of the said minor child and it would be in the best interests of the said minor child that the Plaintiff be granted such custody.

13. That the Defendant is a fit and proper person to have visitation rights with his minor child.

As Judge Wynn's dissent aptly emphasizes, there was substantial evidence from which the trial court could have found that Jacob had been mistreated by his stepfather. The evidence as to whether he had been sexually abused was conflicting. Those conflicts were for the trial court to resolve. In support of the trial court's finding that the plaintiff and her present husband offer a stable and continuous environment, there was evidence that the child had resided with his mother since the parties separated and that the child had developed a routine and would be best served by not disrupting that routine or uprooting the child from his present home. In support of the trial court's finding that the plaintiff is a fit and proper person to have custody is plaintiff's history of providing care for the child and the Department of Social Services' investigation reports, finding that the child has not been neglected or abused. While defendant assigned error to the trial court's finding that defendant is fit to have visitation rights with the child, defendant's history of successful visitation in the past supports the trial court's finding that defendant is a fit and proper person to enjoy visitation in the future. In the case at bar, as in most custody hearings, evidence was presented to the trial court which could have supported contrary findings. Nonetheless, there was sufficient competent evidence to support the trial court's findings of fact.

Next, defendant contends that the trial court failed to make sufficient findings of fact concerning the best interest of the child. While there may well have been other evidence which helped the trial court determine that the best interest of the child was served by granting plaintiff custody, the trial court's finding of fact that plaintiff offered a stable and continuous environment for the child constitutes sufficient findings of fact to tip the scales in plaintiff's favor and support the trial court's conclusion that it is in the best interest of the child for plaintiff to be granted custody.

FLANDERS v. GABRIEL

[110 N.C. App. 438 (1993)]

After carefully reviewing defendant's remaining arguments, we find them to be without merit.

Affirmed.

Judge GREENE concurs.

Judge WYNN dissents in a separate opinion.

Judge WYNN dissenting.

The guiding light in child custody proceedings is the best interest of the child. Our General Assembly codified this principle in Section 50-13.2(a) of the North Carolina General Statutes which provides:

> An order for custody of a minor child entered into pursuant to this section shall award custody of such child to such a person, agency, organization, or institution as will, in the opinion of the Judge, best promote the interests and welfare of the child. An order awarding custody must contain findings of fact which support the determination by the Judge of the best interests of the child.

N.C. Gen. Stat. § 50-13.2(a) (Cum. Supp. 1984).

In the subject case, the trial court apparently relied upon the two determinations by the Department of Social Services in making the finding of fact that allegations of the step-father's sexual abuse of the minor child had not been substantiated. However, the trial judge further found that the step-father had agreed to refrain from helping the child with his toileting, touching the child's private parts and using choke holds on the child. Additionally, the record contains an interview summary with the five-year-old child in which the child states that the step-father "thumps me on my penis" and pulls on his penis "real hard". The child stated that this conduct happens "a lot," usually after he goes to the bathroom.

The record further contains the testimony summary of Dr. Sara H. Sinal, an associate professor of pediatrics at Bowman Gray School of Medicine at Baptist Hospital in Winston-Salem. Her specialty is child abuse cases. She testified that the minor child was brought to her attention by an emergency room physician who

had seen the minor and was concerned about bruises and injuries that he discovered. She examined the child, reviewed the medical records and concluded that "the child had sustained too many unexplained or poorly explained injuries, and it was my opinion that it was highly suspicious that he had been a victim of child abuse".

The child's statements, Dr. Sinal's testimony, and the physical evidence, when coupled with the agreement of the step-parent not to commit inappropriate acts with the child, is evidence of child abuse which must not be ignored by the trial court even when the Department of Social Services makes its own determination that the allegations are unsubstantiated. The trial court's order, in my opinion, fails to reflect a consideration of this evidence. I, therefore, would remand this case to the trial court for a consideration of the evidence which tends to indicate that the minor child was abused.