WILLIAM BRYANT CHURCH, JR., PLAINTIFF v. BEA JODI REINHARDT CHURCH, DEFENDANT

No. COA94-1063

(Filed 5 July 1995)

**Divorce and Separation § 339 (NCI4th)— child custody— award of joint custody supported by evidence and findings**

The trial court did not err by awarding joint custody of a child to plaintiff father where the court's findings that both parents were people of excellent character and its conclusion that both were fit and proper persons to be awarded custody of their child

CHURCH v. CHURCH

[119 N.C. App. 436 (1995)]

were supported by competent evidence in the record, and the court was not required to make any finding with regard to the willingness of caretakers who would be with the child in plaintiff's absence.

**Am Jur 2d, Divorce and Separation §§ 987 et seq.**

**Propriety of awarding joint custody of children. 17 ALR4th 1013.**

Appeal by defendant from order entered 13 June 1994 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 25 May 1995.

This is an action to determine child custody and visitation rights. The parties were married but are separated and are the parents of one minor child, William Banks Church, born on 11 February 1991. Prior to the birth of the child, plaintiff and defendant worked together in establishing a business, Appalachian Lumber, Inc. The parties agreed that defendant wife would stop working in the business when the child was born, so that she could devote her full time to caring for the child. When the child was born, defendant became his primary caretaker.

Plaintiff and defendant separated on 7 January 1994. On 31 January 1994, plaintiff husband filed a complaint seeking joint custody, or in the alternative, extensive time in which plaintiff would have physical custody of the child. Defendant answered and counterclaimed for legal custody of the child subject to reasonable visitation with plaintiff. On 13 June 1994, the trial court entered an order awarding joint custody of the minor child to plaintiff and defendant. Defendant appeals.

*Vannoy, Colvard, Triplett & McLean, by Howard C. Colvard, Jr., and Jay Vannoy, for plaintiff-appellee.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellant.*

EAGLES, Judge.

Defendant contends that the trial court erred in awarding plaintiff joint custody of the minor child. After careful review of the record and briefs, we affirm.

CHURCH v. CHURCH

[119 N.C. App. 436 (1995)]

An order for the custody of a minor child should award custody to "such person . . . that will best promote the interest and welfare of the child." G.S. 50-13.2. An order awarding joint custody or any other child custody award must include findings of fact that support a determination of the child's best interest. *Witherow v. Witherow*, 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990). The trial court's decision must be based on the welfare of the child. The trial court's decision will not be disturbed on appeal absent abuse of discretion. *Id.* Defendant contends that the trial court erred in awarding joint custody, because although plaintiff testified that other parties would also care for the child in plaintiff's absence, none of the third parties who would be additional caretakers testified about their willingness or ability to care for the child. We disagree.

The trial court made the following pertinent findings of fact and conclusions of law:

8. Both parties are people of excellent character and have no convictions of any crimes, whatsoever. Both are very active in church activities. There was absolutely no evidence that either party has any problem with substance abuse, or that either party even consumes alcohol, drugs, or similar substances.

9. The evidence presented in this matter related solely to custody issues and not to the question of fault in the breakup of the parties' marriage.

. . . .

BASED ON THE FOREGOING FINDINGS OF FACT, the Court concludes as a matter of law, the following:

. . . .

2. Both the plaintiff and the defendant are fit and proper persons to be awarded custody of the minor child in this action.

3. That it would promote the best interest of the minor child to award his joint custody to both of his parents.

The trial court's findings of fact in this regard are supported by competent evidence in the record. The trial court is not required to make a finding as to every fact that arises from the evidence but only to those facts which are material to the resolution of the dispute. *Green v. Green*, 54 N.C. App. 571, 573, 284 S.E.2d 171, 174 (1981).

**CHURCH v. CHURCH**

[119 N.C. App. 436 (1995)]

We conclude that the trial court did not abuse its discretion in awarding joint custody to both parties. *See Witherow v. Witherow*, 99 N.C. App. 61, 392 S.E.2d 627 (1990); *but see, Smith v. Burgess*, 72 N.C. App. 340, 324 S.E.2d 53 (1985) (custody award to plaintiff vacated and remanded for finding as to whether disabled husband was willing or able to care for minor child while plaintiff was working).

We have reviewed defendant's remaining assignments of error and determined that they are without merit.

Affirmed.

Judges WYNN and MARTIN, MARK D., concur.