An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-789

Filed 6 August 2025

Robeson County, No. 20 CVD 001209-770

BROOKE WOODRUFF n/k/a BROOKE HERRING, Plaintiff,

v.

JAMES WOODRUFF, JR., Defendant.

Appeal by Plaintiff from Judgment entered 20 February 2024 by Judge Angelica Chavis McIntyre in Robeson County District Court. Heard in the Court of Appeals 9 April 2025.

*Tharrington Smith, LLP, by Jaye Meyer, for Plaintiff-Appellant.*

*No brief was filed on behalf of Defendant-Appellee.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Brooke Herring (Plaintiff) appeals from a Judgment granting joint legal and physical custody of the minor child in this case to her and James Woodruff, Jr. (Defendant). The Record before us tends to reflect the following:

The parties in this case married on 2 April 2016 and separated on 11 May 2020. During their marriage, the parties had one minor child. On 21 May 2020, Plaintiff filed a Complaint for Child Custody in Robeson County District Court. At the same time, Plaintiff filed a Motion for Protective Order, alleging Defendant had gone to her place of employment and taken the minor child. The trial court granted Plaintiff temporary physical custody of the minor child and entered a Warrant the same day, directing law enforcement to take immediate physical custody of the minor child. Defendant filed an Answer and Counterclaim on 10 June 2020. Plaintiff's Motion for Protective Order was subsequently dismissed without prejudice.

On 25 June 2020, the trial court entered a Memorandum of Judgment awarding joint custody to both parties with Plaintiff having temporary primary custody of the minor child and Defendant having temporary secondary custody. The Memorandum of Judgment set out Defendant's visitation schedule with the minor child, providing for regular visitation every other weekend. On 15 September 2020, Plaintiff filed Motions asking the trial court to order Defendant to undergo a drug screen, psychological evaluation, and a hearing evaluation.

According to Plaintiff, she began to observe the minor child engaging in inappropriate sexualized behavior in October 2020. To address this behavior, the minor child began therapy with Phyllis Byrd, a licensed therapist. The minor child later transitioned to counseling with Dr. Megan Numbers in April 2021. Dr. Numbers made a report regarding the minor child's behavior to Robeson County Department

of Social Services (DSS) in May 2021. DSS referred the matter to Moore Child Advocacy Center for further investigation. The Advocacy Center determined the minor child was not developmentally able to be interviewed and concluded the Center could not determine the cause of the minor child's behavior. The Advocacy Center stated there was "no evidence of abuse or neglect[.]"

Following a disclosure regarding Defendant's discipline of the minor child and a report from Plaintiff in March 2022, Dr. Numbers made another report to DSS. DSS referred the matter to Lauren Rockwell, a licensed psychological associate, for a Child and Family Evaluation (CFE). Rockwell completed her evaluation in May 2022. As part of her evaluation, Rockwell interviewed the minor child, both parents, three other family members, and the minor child's daycare provider. Rockwell attempted to contact Byrd and Dr. Numbers, but she was unable to communicate with them prior to completion of the evaluation. Rockwell concluded the minor child was not a victim of abuse or neglect, and she raised concerns about the credibility of Plaintiff's reports.

The trial court entered a Consent Temporary Memorandum of Judgment/Order (Consent Temporary Order) on 7 September 2022. Under the Consent Temporary Order, the parties shared joint legal and physical custody of the minor child. On 24 February 2023, Dr. Numbers reported the minor child made disclosures of abuse to her. As a result, Plaintiff filed a Motion for Ex Parte

Emergency Custody Order on 13 March 2023. After a hearing, the trial court dismissed the Motion but appointed a Guardian ad litem (GAL).

In July 2023, Plaintiff's brother reported an incident regarding the minor child's sexual behavior to Dr. Numbers. Following her therapy session with the minor child in which she asked about this incident, Dr. Numbers made another report to DSS. Dr. Numbers made another allegation of abuse to the Bladen County Sheriff's Office following a report from Plaintiff accusing Defendant of physical abuse.

The GAL, Mark Brooks, began investigating this case on 12 September 2023. The GAL observed the minor child interact with both parties and reported the minor child seemed "comfortably oriented with both parents." The GAL's report reflected both parties' concerns and made the following conclusion:

> Something is not as it should be with [the minor child]. What is not clear however is whether the [Plaintiff]'s concerns are well-founded and substantiated by independent and unbiased professional opinion, or whether they're an attempt to alienate [Defendant] from [the minor child]. Very few findings of fact have been made in a case that is 3 years old, and no findings of fact which would suggest [Defendant] is a danger to the child. For whatever reason, [Plaintiff] has been unable thus far to present competent evidence to restrict [Defendant]'s constitutional right to parent [the minor child]. That said, her concerns as well as those reflected in the therapist's reports are taken very seriously by this GAL.

The GAL report expressly recommended the trial court "[e]xamine the credibleness and seriousness of [Plaintiff]'s concerns" in light of several factors, including Defendant's concerns regarding the therapists' neutrality in this matter.

This matter came on for hearing on 18 September 2023. Over several days of hearings, the trial court heard testimony from Byrd, Dr. Numbers, the GAL, Rockwell, Defendant, Plaintiff, and other professionals involved in this case. The trial court entered its Judgment on 20 February 2024. In its Judgment, the trial court determined "Rockwell was the only medical provider/therapist who was unbiased, spoke with all parties, and provided credible, science based testimony finding that there was no evidence of sexual abuse. Ms. Rockwell noted that the issue with the minor child is the inability of the parties to co-parent[.]" The trial court also found "[t]here are no credible allegations that the Defendant has behaved in a sexually inappropriate or abusive manner towards the child" and attributed most of the disclosures in this case to Plaintiff, rather than the minor child. The trial court further determined the instability and turmoil between the parties, not Defendant's behavior, was the likely source of the minor child's behaviors. The trial court found both parties "are fit and proper to have joint physical and legal custody of the minor child."

Based on its Findings, the trial court concluded "it is in the best interest of the minor child that the parties shall have the joint legal and physical care, custody and control of said minor child." The trial court then ordered the parties to share joint legal and physical custody of the minor child. Plaintiff timely filed Notice of Appeal on 20 March 2024.

## Issues

The issues on appeal are whether the trial court erred by: (I) making certain Findings of Fact; and (II) determining joint legal and physical custody was in the best interest of the minor child.

## Analysis

### I.  Findings of Fact

"An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child."  N.C. Gen. Stat. § 50-13.2(a) (2023).  In fulfilling this directive, "trial courts are vested with broad discretion in child custody matters.  This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges[.]"  *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citations and quotation marks omitted).

"In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings."  *Peters v. Pennington*, 210 N.C. App. 1, 12-13, 707 S.E.2d 724, 733 (2011).  "The trial court's findings need only be supported by substantial evidence to be binding on appeal."  *Pulliam v. Smith*, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998).  "Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980) (citations omitted).

Here, Plaintiff challenges Finding 15 in part, as well as Findings 25 and 26. Those Findings provide, in pertinent part:

> 15. Ms. Rockwell was the only medical provider/therapist who was unbiased, spoke with all parties, and provided credible, science based testimony finding that there was no evidence of sexual abuse.
>
> . . . .
>
> 25. There are no credible allegations that the Defendant has behaved in a sexually inappropriate or abusive manner towards the child. The incidents discussed in the therapy reports provided by the doctor and therapists are mostly provided by the mother in the parental summary, not primarily from the child's behaviors or disclosures in therapy.
>
> 26. There is no question that the child has experienced chaos and instability, loss of power and control, and hopelessness, but there is no credible evidence that this behavior is as a result of Defendant's behavior toward the child, but is likely from the turmoil between his parents over the course of the last several years.

Each of these Findings reflects the trial court's credibility determinations—weighing Rockwell's testimony heavily and discounting that of Byrd and Dr. Numbers.

"Credibility of the witnesses is for the trial judge to determine[.]" *Woncik v. Woncik*, 82 N.C. App. 244, 248, 346 S.E.2d 277, 279 (1986) (citation omitted); *see also Efstathiadis v. Efstathiadis*, _ N.C. App. _, _, 909 S.E.2d 737, 741 (2024) ("It is within the trial court's purview to weigh the evidence and consider credibility[.]"). "Since

the trial court had the opportunity to see the parties in person and to hear the witnesses and determine credibility, the trial court's decision should not be reversed absent an abuse of discretion." *Cox v. Cox*, 133 N.C. App. 221, 229, 515 S.E.2d 61, 67 (1999) (citing *Newsome v. Newsome*, 42 N.C. App. 416, 426, 256 S.E.2d 849, 855 (1979)). "Under an abuse of discretion standard, we must determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Deanes v. Deanes*, 269 N.C. App. 151, 156, 837 S.E.2d 404, 408 (2020) (citing *Stephens v. Stephens*, 213 N.C. App. 495, 503, 715 S.E.2d 168, 174 (2011)). Further, "an important aspect of the trial court's role as finder of fact is assessing the demeanor and credibility of witnesses, often in light of inconsistencies or contradictory evidence. It is in part because the trial court is uniquely situated to make this credibility determination that appellate courts may not reweigh the underlying evidence presented at trial." *In re J.A.M.*, 372 N.C. 1, 11, 822 S.E.2d 693, 700 (2019).

In Finding 15, the trial court determined Rockwell was the only provider or therapist "who was unbiased, spoke with all parties, and provided credible, science based testimony[.]" Thus, this Finding determined (1) Rockwell was credible; and (2) her testimony was to be given greater weight than that of Byrd and Dr. Numbers.

Although Rockwell was unable to speak with the minor child's other providers, Rockwell did interview the minor child, both parents, three family members, and the minor child's daycare provider before completing the CFE. Thus, the evidence reflects

she spoke with all parties, and there was no evidence suggesting she was biased in any way. Although Plaintiff argues Rockwell's role in this case was far more limited than Byrd's or Dr. Numbers' roles, this does not render Rockwell not credible, and the limitations of her role in this case, interaction with the minor child, and access to other providers' documents were presented to the trial court for consideration.

Further, there is evidence in the Record from which the trial court could reasonably have determined Byrd's and Dr. Numbers' limited interactions with Defendant may have undermined the credibility of their testimony in this case. For example, the trial court noted in Finding 11 that while Plaintiff "has been able to discuss concerns and meet on a regular basis with both therapists[,] . . . Defendant has had *no contact* with Ms. Byrd, and has had *very little contact* with Numbers after an interaction between the Defendant and Numbers made Numbers feel uncomfortable at which time the Defendant stopped coming to Numbers' office." (emphasis added). This Finding is unchallenged and thus binding on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."). From this Finding, it is clear Byrd did not speak "with all parties[.]" Moreover, the trial court could reasonably have inferred the incident between Defendant and Dr. Numbers, which made Dr. Numbers "uncomfortable" and ceased Defendant going to her office, impacted Dr. Numbers' perception of the parties and the case.

Likewise, as to Finding 25, the trial court's determination was expressly a credibility determination: it did not find the allegations of abuse against Defendant to be credible. There is substantial evidence to support this Finding. First, Rockwell—the provider DSS had complete the CFE—concluded the allegations were not credible. Second, the GAL, taking the concerns of abuse seriously, expressed doubts as to the credibility of the allegations in his report: "What is not clear however is whether the [Plaintiff]'s concerns are well-founded and substantiated by independent and unbiased professional opinion, or whether they're an attempt to alienate the [Defendant] from [the minor child]. Very few findings of fact have been made in a case that is 3 years old, and *no findings of fact which would suggest the [Defendant] is a danger to the child*. For whatever reason, the [Plaintiff] has been *unable thus far to present competent evidence* to restrict the [Defendant]'s constitutional right to parent [the minor child]." (emphasis added). Indeed, the GAL's report reflects that he did not believe there was credible evidence of abuse. That there were examples of incidents the minor child reported does not negate this Finding. *See Peters*, 210 N.C. App. at 12-13, 707 S.E.2d at 733 ("In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings.").

Moreover, there is ample evidence supporting the trial court's Finding that Plaintiff, rather than the minor child, was the source of most of the allegations.

- 10 -

Byrd's testimony reflects Plaintiff regularly reported issues to her regarding the minor child's behavior: "At times, he continued doing those . . . there were things that I witnessed and then things that [Plaintiff] would inform me that was going home – or going on in the home" and "What [Plaintiff] had reported to me was that he had got in trouble at school touching a little girl." Plaintiff's attorney asked about a specific report by Byrd noting negative behaviors and Byrd responded, "That's what was reported to me, that those things were happening." Plaintiff reported to Byrd an incident in which Defendant allegedly hit the minor child. Indeed, for each instance Plaintiff cites as independently reported by the minor child, there are numerous examples of instances in which Plaintiff was the one who reported incidents. This evidence is sufficient to support the trial court's Finding.

Lastly, Plaintiff's argument with respect to Finding 26 is essentially that the trial court did not find the evidence she presented credible to prove the minor child's behavior is caused by Defendant's behavior toward him. Plaintiff again points to Dr. Numbers' testimony, which—as we have explained—the trial court determined was not credible. Further, according to the GAL, when asked about the shared custody arrangement, Plaintiff herself "indicated that she didn't think that it was going well because she thought that it was too much for [the minor child]. And when I asked her what she meant by that, she went on to say that it appears to take a lot out of him, when she picks him up" and referred specifically to the minor child falling asleep in the car on the way to Plaintiff's house after a switch occurs. Although the GAL

noted Plaintiff expressed concerns about the minor child's visits with Defendant, the GAL reported: "I observed [the minor child] to be comfortably oriented with both parents. I was not alarmed by how he interacted with either [Plaintiff] or [Defendant][.]" Further, in Rockwell's report, she stated she "remain[s] concerned about the effects of the *custody issues* on this young child." (emphasis added). She specifically noted this appeared to be "a high conflict custody situation" and cited the minor child's limited contact with Defendant as a potential issue, i.e., that the minor child had too little contact with Defendant rather than too much. She also stated the ongoing court proceedings "continue[ ] a limbo for this child and prevent[ ] development of healthy interactions with both families." This evidence is sufficient to support the trial court's Finding that the minor child's behavior is likely the result of his parent's tumultuous relationship over the past several years and that there is no credible evidence suggesting the minor child's behavior is a result of Defendant's actions toward him.

Plaintiff's argument on these issues is, in essence, a rehashing of the facts and evidence the trial court had before it when it made its Findings. Where a party "asks us to reconsider the trial court's credibility determinations regarding the various testifying witnesses from the adjudication hearing below, it is not the role of this Court to question such credibility determinations on appeal." *In re K.E.P.*, _ N.C. App. _, _, 915 S.E.2d 470, 477 (2025) (citing *In re J.A.M.*, 372 N.C. at 11, 822 S.E.2d at 700). Based on the evidence in the Record, we cannot say the trial court's

determination was "manifestly unsupported by reason." *Deanes*, 269 N.C. App. at 156, 837 S.E.2d at 408. Moreover, "the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, *even if there is sufficient evidence to support contrary findings.*" *Peters*, 210 N.C. App. at 12-13, 707 S.E.2d at 733 (emphasis added). Thus, substantial evidence supports each of the challenged Findings. Therefore, the trial court did not err in making these Findings.

II. <u>Best Interest Determination</u>

Generally we review a trial court's determination of a child's best interest for abuse of discretion. *In re J.K.*, 253 N.C. App. 57, 60, 799 S.E.2d 439, 441 (2017) (citation omitted). However, we review whether the trial court's findings of fact support its conclusions of law *de novo*. *Hall v. Hall*, 188 N.C. App. 527, 530, 655 S.E.2d 901, 904 (2008). "In making the determination, the court shall consider all relevant factors including acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the other party. An order for custody must include written findings of fact that reflect the consideration of each of these factors and that support the determination of what is in the best interest of the child." N.C. Gen. Stat. § 50-13.2(a) (2023). "These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." *Carpenter v. Carpenter*, 225 N.C. App. 269, 271, 737 S.E.2d 783, 785 (2013) (quoting *Witherow v. Witherow*, 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990), *aff'd*, 328 N.C. 324, 401

S.E.2d 362 (1991)). "The trial court is required to find specific ultimate facts to support the judgment, and the facts found must be sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." *Montgomery v. Montgomery*, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977) (citations omitted).

Plaintiff contends the trial court erred by concluding joint legal and physical custody for both parties was in the minor child's best interest. Specifically, Plaintiff argues the trial court erred by failing to "address [the minor child]'s disclosure to Dr. Numbers in July of 2023 anywhere in its Findings of Fact or consider how the child's statements may bear on the overall credibility of the allegations of sexual abuse." However, as discussed *supra*, the trial court determined Dr. Numbers' testimony was not credible. Moreover, the trial court substantively addressed all of the allegations of abuse in its Findings:

> 12. At least three (3) reports of sexual and physical abuse against the minor child have been filed against the Defendant with the Robeson County Department of Social Services. All reports were either not accepted for investigation, or if accepted for investigation, were unsubstantiated. By their own admissions, at least one of the reports was made by Byrd and Numbers; additionally, there was a report made by a pediatrician.
>
> . . . .
>
> 14. A Child Medical Examination was conducted on or about August 28, 2021, with no conclusive findings of sexual assault or abuse.

15. A Child Family Evaluation was conducted by Lauren A. Rockwell (hereinafter referred to as Rockwell) at the request of the Robeson County Department of Social Services in May 2022. Ms. Rockwell was the only medical provider/therapist who was unbiased, spoke with all parties, and provided credible, science based testimony finding that there was no evidence of sexual abuse.

. . . .

25. There are *no credible allegations* that the Defendant has behaved in a sexually inappropriate or abusive manner towards the child.

(emphasis added). The trial court was not required to make specific Findings addressing individual allegations or reports. The trial court's omission of a specific reference to the July 2023 disclosure is not evidence the trial court failed to consider that disclosure. Rather, Dr. Numbers recounted the July 2023 disclosure at length during her testimony. There is no indication the trial court failed to consider this testimony, and this Court will not make such an inference from the mere omission of a specific Finding regarding this incident. *See Berry v. Berry*, 257 N.C. App. 408, 415-16, 809 S.E.2d 908, 913 (2018) ("Nothing [Plaintiff] argues indicates the trial court disregarded its appointed expert's findings; it merely exercised its appropriate role as the ultimate fact finder in weighing the evidence presented before it" where the plaintiff alleged "the trial court erroneously ignored competent evidence contrary to the ultimate conclusion" and disregarded recommendations of the court-appointed expert. (citation omitted)).

Further, the trial court's unchallenged Findings provide: the minor child was healthy; doing well in school; had adequate living and sleeping space in both homes; and had a strong, loving, emotional bond with both parents. The trial court also found both parties were "fit and proper to have joint physical and legal custody of the minor child." These unchallenged Findings are binding on appeal. *Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. The sole issue outside of the minor child's health and emotional wellbeing possibly "brought out by the evidence and relevant to the issue of the welfare of the child," *Carpenter*, 225 N.C. App. at 271, 737 S.E.2d at 785, was the allegations of abuse. The trial court's Findings, however, substantively addressed these allegations and determined they were not credible. There is no evidence suggesting the trial court's credibility determinations were "manifestly unsupported by reason," and thus this Court will not second-guess them on appeal. *Deanes*, 269 N.C. App. at 156, 837 S.E.2d at 408. Thus, the trial court did not err in concluding the parties' joint legal and physical custody of the minor child was in the juvenile's best interest. Therefore, the trial court did not abuse its discretion in ordering the parties to share joint legal and physical custody of the minor child.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Judgment.

AFFIRMED.

Judges COLLINS and CARPENTER concur.

Report per Rule 30(e).