**CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.**

[176 N.C. App. 46 (2006)]

CRAVEN REGIONAL MEDICAL AUTHORITY d/b/a CRAVEN REGIONAL MEDICAL CENTER, Petitioner v. N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, Respondent, and COASTAL CAROLINA HEALTH CARE, P.A., d/b/a COASTAL CAROLINA IMAGING, Respondent-Intervenor

No. COA05-284

(Filed 21 February 2006)

1. **Hospitals and Other Medical Facilities— certificate of need—agency decision—MRI scanner—Criterion 3—reasonable projections**

The whole record test revealed that respondent North Carolina Department of Health and Human Services (DHHS) did not err by granting respondent-intervenor a certificate of need (CON) for an additional MRI scanner based on finding that its application conformed to Criterion 3, because: (1) when considering whether respondent-intervenor was conforming to Criterion 3 by use of a 1.41 ratio for projected scans per patient, a reasonable projection of something that will occur in the future, by its very nature, cannot be established with absolute certainty; (2) respondent-intervenor's methodology was self-validating since during the pendency of DHHS's CON review, utilization information gathered by MRI service providers for 2002 became available; (3) at no time during the hearing before the ALJ did petitioner object to the sixty-five physician letters (pledging to refer patients to respondent-intervenor for MRI procedures) as being inadmissible hearsay, and in fact, petitioner offered respondent-intervenor's application which included the physician letters into evidence without restriction; (4) contrary to petitioner's assertion, DHHS did not use after the fact rationales to justify its decisions, but merely relied on information already contained in respondent-intervenor's application; and (5) even though the record contains evidence which would support findings in support of petitioner's arguments on appeal, there is substantial evidence in the record to support DHHS's findings.

2. **Hospitals and Other Medical Facilities— certificate of need—agency decision—MRI scanner—Criterion 5—funds for capital and operating needs—financial feasibility**

The whole record test revealed that respondent North Carolina Department of Health and Human Services (DHHS) did not err by granting respondent-intervenor a certificate of need

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

(CON) for an additional MRI based on finding that its application conformed to N.C.G.S. § 131E-183(a)(5) (Criterion 5), because: (1) although petitioner asserts that respondent-intervenor's revenues to show financial feasibility were based on an overstated procedural volume used for Criterion 3, the Court of Appeals already concluded there was substantial evidence to support DHHS's findings regarding Criterion 3; and (2) the pertinent expired proposed lease agreement for the MRI machine does not go to whether respondent-intervenor can finance the project or the availability of funds, but goes to the projection of costs and charges.

3. **Hospitals and Other Medical Facilities— certificate of need—agency decision—MRI scanner—Criterion 18a— expected effects of proposed services**

The whole record test revealed that respondent North Carolina Department of Health and Human Services (DHHS) did not err by granting respondent-intervenor a certificate of need (CON) for an additional MRI scanner based on finding that its application conformed to N.C.G.S. § 131E-183(a)(4), (6), and (18a) (Criteria 4, 6, and 18a), because: (1) petitioner failed to make any argument or cite any authority with respect to Criterion 4 or 6, and thus, it abandoned these arguments; (2) petitioner erroneously argues that by giving it a monopoly in the service area since it currently owns the only two MRI scanners within this service area, it would somehow increase competition; and (3) respondent-intervenor demonstrated the cost effectiveness of its project and the positive effect it would have on competition in the area, and it also projected the lowest net revenue per procedure of any applicant.

4. **Hospitals and Other Medical Facilities— certificate of need—agency decision—MRI scanner—unlawful self-referrals**

A de novo review revealed that respondent North Carolina Department of Health and Human Services (DHHS) did not err by failing to find that respondent-intervenor's certificate of need application for MRI services was based on alleged improper self-referrals in violation of N.C.G.S. § 90-406, because: (1) there is no provision in N.C.G.S. § 131E-183, nor Chapter 131E, which permits DHHS to independently assess whether the applicant is conforming to other statutes; and (2) N.C.G.S. § 90-407 states that the authority to enforce unlawful self-referrals is vested with the

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

Attorney General, and subject to disciplinary action from the applicable Board created in Chapter 90 of Article 28 of the General Statutes.

**5. Hospitals and Other Medical Facilities— certificate of need—agency decision—MRI scanner—reasonable basis to choose one application over another**

The whole record test revealed that respondent North Carolina Department of Health and Human Services's (DHHS) preference for respondent-intervenor for a certificate of need over petitioner had a reasonable basis in the record, because: (1) there was evidence in the record that the service area would benefit from having an additional MRI scanner in an outpatient setting and that respondent-intervenor would serve a greater percentage of Medicare patients (underserved groups); (2) evidence in the record demonstrated that an open MRI scanner in the service area was the most effective alternative for the service area, and respondent-intervenor proposed the use of such a scanner and also proposed the lowest net revenue per procedure; and (3) there were reasons to support both applications and deference must be given to the agency's decision where it chooses between two reasonable alternatives.

**6. Appeal and Error— preservation of issues—final agency decision—failure to give proper notice of appeal**

Although petitioner contends that respondent-intervenor impermissibly amended its certificate of need (CON) application for an MRI scanner after a final agency decision in favor of respondent-intervenor and after issuance of the CON by substituting a mobile closed MIR, this issue is not properly before the Court of Appeals, because: (1) the appellate court's review is limited to the final agency decision, and the CON section granted respondent-intervenor's request for a material compliance determination after the CON was issued; and (2) in the absence of proper notice of appeal from this decision, the Court of Appeals is without jurisdiction to review this issue.

**7. Hospitals and Other Medical Facilities— certificate of need—agency decision—findings of fact**

Although petitioner contends respondent North Carolina Department of Health and Human Services (DHHS) correctly found that petitioner conformed to Criterion 5 for a certificate of need application but certain of the findings of fact were allegedly

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

misleading and failed to include facts shown by petitioner, DHHS stated in its final decision that petitioner was conforming to Criterion 5 and nothing further was required.

**8. Appeal and Error— preservation of issues—mootness**

Although respondent-intervenor cross-assigns as error respondent North Carolina Department of Health and Human Services's (DHHS) finding that petitioner's certificate of need application was conforming with Criterion 5 and related rules, it is unnecessary for the Court of Appeals to address this issue in light of its holding that DHHS's approval of respondent-intervenor's application was supported by the evidence and conformed with the statutory criteria.

Appeal by petitioner from a final agency decision issued 23 July 2004 by the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 15 November 2005.

*Bode Call & Stroupe, L.L.P., by S. Todd Hemphill and Diana Evans Ricketts, and Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by Fred M. Carmichael, for petitioner-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Melissa L. Trippe and Assistant Attorney General June S. Ferrell, for respondent-appellee.*

*Kirschbaum, Nanney, Keenan & Griffin, P.A., by Frank S. Kirschbaum and Amy Y. Bason, for respondent-intervenor.*

*Linwood Jones for North Carolina Hospital Association, amicus curiae.*

*Brook, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Forrest W. Campbell, Jr., for North Carolina Radiological Society, amicus curiae.*

*Ward and Smith, P.A., by J. Troy Smith, Jr. and Cheryl A. Marteney, for North Carolina Medical Society, North Carolina Academy of Family Physicians, North Carolina Obstetrical and Gynecological Society, North Carolina Orthopaedic Association, North Carolina Pediatric Society, North Carolina College of Internal Medicine, and North Carolina Neurological Society, amicus curiae.*

*Parker Poe Adams & Bernstein, by Renee J. Montgomery and Susan L. Dunathan, for OrthoCarolina, P.A., amicus curiae.*

50          IN THE COURT OF APPEALS

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

*Nelson, Mullins, Riley & Scarborough, L.L.P., by Noah H. Huffstetler, III, Barry D. Alexander and Wallace C. Hollowell, III, for Alliance Imaging, Inc., amicus curiae.*

STEELMAN, Judge.

Craven Regional Medical Center (Craven) is a hospital, located in New Bern, North Carolina. Coastal Carolina Health Care, P.A. is a physician practice in New Bern, consisting of approximately thirty-four physicians. Coastal Carolina Imaging (Coastal) is a division of Coastal Carolina Health Care, which operates a diagnostic imaging center. Craven operates the only two magnetic resonance imaging scanners (MRI) in Service Area 23: one in the hospital and one at Craven Diagnostic Center, located five miles from the hospital. In 2002, Craven petitioned for an amendment to the State Medical Facilities Plan (SMFP) to include a need determination for one additional MRI in Service Area 23, a five county region which includes Craven County. The SMFP sets forth the medical need requirements in this state and a Certificate of Need (CON) may not be granted which would allow more medical facilities or equipment than are needed to serve the public. *See* N.C. Gen. Stat. § 131E-183(a)(1) (2005). In response to Craven's petition, the 2003 SMFP included a need determination for an additional MRI in Service Area 23. Four applicants, including Craven and Coastal, applied for a CON with respondent, the Department of Health and Human Services, Division of Facility Services, Certificate of Need Section (Agency), pursuant to Chapter 131E of the North Carolina General Statutes. The Agency reviewed the four applications. It found both Coastal and Craven's CON applications conformed to all the statutory and regulatory review criteria. Since there existed a need for only one additional MRI in that region, the Agency performed a comparative analysis of the applications to determine which proposal should be approved. The Agency determined Coastal's application was the most effective proposal and awarded the CON to Coastal. Craven filed a petition for contested case hearing with the Office of Administrative Hearings challenging the approval of Coastal's CON application and the disapproval of its application. Coastal intervened as a respondent. Following an evidentiary hearing, the administrative law judge (ALJ) recommended affirming the Agency's decision. Craven filed exceptions with the Division of Facility Services requesting reversal. On 23 July 2004, the Department issued a final agency decision adopting the ALJ's recommended decision, which affirmed the awarding of the CON to Coastal. Craven appeals.

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

## Standard of Review

The substantive nature of each assignment of error controls our review of an appeal from an administrative agency's final decision. *North Carolina Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004). Where a party asserts an error of law occurred, we apply a *de novo* standard of review. *Id.* at 659, 599 S.E.2d at 894. If the issue on appeal concerns an allegation that the agency's decision is arbitrary or capacious or "fact-intensive issues 'such as sufficiency of the evidence to support [an agency's] decision' " we apply the whole-record test. *Id.* (citations omitted).

## Analysis

[1] In its first argument, Craven contends the Agency erred in finding Coastal's application conforming to Criterion 3 for three reasons: (1) Coastal's projections that it would achieve the required 2900 scans by its third year of operation were unreasonable; (2) these projections were erroneously based on physicians' letters; and (3) the Agency's analysis improperly altered Coastal's methodology by using "after the fact" rationales to justify Coastal's projections that it would achieve the required number of scans by its third year. We disagree.

N.C. Gen. Stat. § 131E-183(a)(3) (Criterion 3) provides:

The applicant shall identify the population to be served by the proposed project, and shall demonstrate the need that this population has for the services proposed, and the extent to which all residents of the area, and, in particular, low income persons, racial and ethnic minorities, women, handicapped persons, the elderly, and other underserved groups are likely to have access to the services proposed.

In addition, the Agency has adopted rules to be used as regulatory criteria in conjunction with Criterion 3. The rules in effect at the time Craven and Coastal sought the CON required an applicant proposing to acquire an MRI scanner for which the need determination in the SMFP was based on the utilization of fixed MRI scanners to:

(2) demonstrate annual utilization in the third year of operation is reasonably projected to be an average of 2900 procedures per scanner for all existing, approved and proposed MRI scanners or mobile MRI scanners to be operated by the applicant in the MRI service area(s) in which the proposed equipment will be located; and

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

(3) document the assumptions and provide data supporting the methodology used for each projection required in this rule.

10 N.C.A.C. 3R.2715(b)(2-3) (recodified as 10A N.C.A.C. 14C.2703).

First, Craven asserts Coastal's CON application was nonconforming with Criterion 3 because the methodologies it utilized to show its MRI scanner will achieve the required 2900 scans by its third year in operation were based on inaccurate assumptions. Craven contends these inaccurate assumptions inflated the average number of projected scans per patient per year from 1.0 to 1.41, thus rendering Coastal's projections unreasonable and its application nonconforming with Criterion 3. It alleges the Agency's finding that Coastal's CON application was conforming to Criterion 3 was not supported by the evidence and was arbitrary and capricious.

Where the appealing party alleges the agency's decision was not supported by the evidence or was arbitrary or capricious, the reviewing court applies the "whole record test." *Dialysis Care of N.C., LLC v. N.C. Dep't of Health & Human Servs.*, 137 N.C. App. 638, 646, 529 S.E.2d 257, 261 (2000). In applying this test, we must examine the entire record in order to determine whether the agency's decision is supported by substantial evidence. *Id.*

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The "arbitrary or capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are . . . "whimsical" in the sense that they indicate a lack of fair and careful consideration or fail to indicate any course of reasoning and the exercise of judgment . . . .

*Blalock v. N.C. Dep't of Health and Human Servs.*, 143 N.C. App. 470, 475, 546 S.E.2d 177, 181 (2001) (citations and internal quotation marks omitted). When applying the whole record test "[w]e should not replace the agency's judgment as between two reasonably conflicting views, even if we might have reached a different result if the matter were before us *de novo.*" *Dialysis Care*, 137 N.C. App. at 646, 529 S.E.2d at 261. It is irrelevant that the record may contain evidence which would support findings contrary to those found by the Agency since we cannot substitute our judgment for that of the Agency's. *Id.* When considering whether Coastal was conforming to Criterion 3, all that is required is that each applicant *"reasonably project"* it will perform 2900 procedures in its third year of op-

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

eration. 10 N.C.A.C. 3R.2715. A reasonable projection of something that will occur in the future, by its very nature, cannot be established with absolute certainty.

Craven contends the 1.41 procedure to patient ratio used by Coastal to meet Criterion 3 was improper because not all MRI providers report patients to the Medical Facilities Planning Section in the same manner. Some facilities report each procedure as a new patient, even though that patient may have previously had MRI's that year. Some mobile MRI providers report procedures, but not patients. Respondents concede that the actual procedure to patient ratio is unknown. After reviewing the record, we find there to be substantial evidence supporting the Agency's finding that Coastal's use of a 1.41 ratio was reasonable.

In determining that Coastal met the requirements of Criterion 3, the Agency conducted a detailed analysis of Coastal's projections and assumptions. The Agency specifically rejected Craven's attack on Coastal's use of a 1.41 ratio, finding the use of a 1.41 procedures per patient ratio alone did not defeat Coastal's methodology in demonstrating a need for its project because "ratios for existing facilities range from a 1.11 ratio up to a ratio of 2.24." Although there was contradictory testimony presented, the record contains admissible testimony supporting the use of the 1.41 ratio.

Coastal's methodology was also self-validating. During the pendency of the Agency's CON review, utilization information gathered by MRI service providers for 2002 became available. In its application, Coastal projected 16,663 scans would be performed in the service area in 2002. Coastal arrived at this number by multiplying its patient use rate of 42.39 per thousand persons of population by the 1.41 ratio, resulting in a procedure use rate of 59.8 per thousand. In arriving at this number, Coastal also factored in patients coming into and leaving the service area. The actual number of scans performed in the area for 2002 was 16,528. Thus, there was additional evidence to support the Agency's finding that Coastal's use of the 1.41 ratio was reasonable.

Next, Craven asserts Coastal's CON application was nonconforming with Criterion 3 because its projections were erroneously based on physicians' letters. Included in Coastal's application for the CON were letters from sixty-five physicians in the service area pledging to refer patients to Coastal for MRI procedures. Craven asserts it was improper for the Agency to consider these letters in finding Coastal

54          IN THE COURT OF APPEALS

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

conforming to Criterion 3 because they constituted inadmissible hearsay. At no time during the hearing before the ALJ did Craven object to the letters as being inadmissible hearsay. In fact, Craven offered Coastal's application, which included the physician letters into evidence without restriction. It is well-established that an objecting party loses the benefit of any objection to the introduction of evidence, particularly where it was responsible for first introducing that evidence. *State v. Rhue*, 150 N.C. App. 280, 286, 563 S.E.2d 72, 76 (2002). Since Craven introduced the letters into evidence before the ALJ without restriction, it cannot now claim the Agency's consideration of these letters was improper.

Finally, Craven contends the Agency erred in finding Coastal's application conforming with Criterion 3 because it impermissibly used "after the fact" rationales to justify Coastal's projections. After careful review, we hold that the Agency did not use "after the fact rationales" to justify its decision, but merely relied on information already contained in Coastal's application.

In conclusion, even though the record contains evidence which would support findings in support of Craven's arguments on appeal, there is substantial evidence in the record to support the Agency's finding that Coastal was conforming with Criterion 3. This argument is without merit.

[2] In Craven's second argument, it contends the Agency erred in finding Coastal conforming to N.C. Gen. Stat. § 131E-183(a)(5) (Criterion 5), which requires an applicant to demonstrate: (1) the availability of funds for capital and operating needs; and (2) the financial feasibility of the proposal based on the applicant's reasonable projections. N.C. Gen. Stat. § 131E-181(a)(5) (2005). We disagree.

Craven first contends Coastal is nonconforming with Criterion 5 because the revenues upon which Coastal based its showing of financial feasibility were based on an overstated procedural volume as discussed in Argument I above. As this argument is dependent on Craven's success in showing Coastal to be nonconforming with Criterion 3 and we held this argument to be without merit, this argument also fails.

Craven also contends Coastal's application was nonconforming to Criterion 5 because it was based upon a lease arrangement with GE Capital Healthcare Financial Services (GE), the terms of which expired prior to the completion of the CON review process. This pro-

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

posed lease set forth the financial terms under which Coastal would lease the MRI machine. It was dated 30 January 2003 and its terms expired on 28 February 2003. The cover letter from GE to Coastal stated: "Due [to] the potential change in interest notes, GE HFS cannot extend a firm quote for any longer period of time."

Criterion 5 states:

Financial and operational projections for the project shall demonstrate the availability of funds for capital and operating needs as well as the immediate and long-term financial feasibility of the proposal, based upon reasonable projections of the costs of and charges for providing health services by the person proposing the service.

N.C. Gen. Stat. § 131E-183(a)(5). The final agency decision contains the following findings of fact relevant to the financial feasibility of Coastal's proposed MRI scanner based on the GE lease proposal:

43. [Coastal] proposed to acquire its MRI equipment through an operating lease with GE.

. . .

45. Ms. Beville [the project analyst] determined that GE's documentation was sufficient to demonstrate [Coastal's] ability to acquire its proposed scanner, even though the quote expired before the March 1, 2003 review began. A quote acquired during the preparation of a CON application is sufficient, because there are variations in the terms offered by different venders. It is not reasonable to expect a financing offer to be held open indefinitely. Respondent would not find an applicant nonconforming because of the expiration of a lease. Respondent can condition someone to demonstrate the financial availability of funds or availability of financing after its application is approved.

. . .

49. [Coastal] met the requirements of Criterion 5 to demonstrate the immediate and long-term financial feasibility of its project based upon reasonable projections of cost and charges. Respondent properly found [Coastal] conforming with Criterion 5.

(internal references to record and testimony omitted). We hold that each of these findings is supported by substantial evidence in the record.

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

In *Burke Health Investors v. N.C. Dep't of Hum. Res.*, 135 N.C. App. 568, 574-75, 522 S.E.2d 96, 100-01 (1999), this Court held a letter of interest from a bank to provide financing for a project was sufficient to comply with the requirements of Criterion 5. The proposed lease between Coastal and GE was submitted with Coastal's application. This document clearly showed GE's interest in leasing the MRI equipment in the event Coastal was awarded the CON. This is sufficient to meet the requirements of Criterion 5. It is unrealistic to expect that a lender would extend a commitment to lease terms without time limitation prior to the applicant being awarded a CON.

Craven relies on the case *Johnston Health Care Ctr. v. N.C. Dep't. of Hum. Res.*, 136 N.C. App. 307, 524 S.E.2d 352 (2000) to support its argument. In *Johnston*, the disapproved applicant submitted a bank letter committing the bank to provide a line of credit that expired before the commencement of the proposed project. *Johnston* is distinguishable from the instant case in that the lease does not go to whether Coastal can finance the project or the availability of funds, which was the issue in *Johnston*, but goes to the projection of costs and charges. This argument is without merit.

[3] In Craven's third argument, it contends the Agency erred in finding Coastal conforming with N.C. Gen. Stat. § 131E-183(a)(4), (6), and (18a) (Criterion 4, 6, and 18a). We disagree.

Craven makes no argument nor cited any authority with respect to Criterion 4 or 6. Therefore, it has abandoned these arguments. N.C. R. App. P. 28(b)(6).

Criterion 18(a) provides:

The applicant shall demonstrate the expected effects of the proposed services on competition in the proposed service area, including how any enhanced competition will have a positive impact upon the cost effectiveness, quality, and access to the services proposed; and in the case of applications for services where competition between providers will not have a favorable impact on cost effectiveness, quality, and access to the services proposed, the applicant shall demonstrate that its application is for a service on which competition will not have a favorable impact.

N.C. Gen. Stat. § 131E-183(a)(18a) (2005). Specifically, Craven argues the large volume of physicians who stated they would refer patients to Coastal would negatively impact competition. Craven currently

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

owns the only two MRI scanners within this service area. Craven's argument appears to be that if it operated all three of the MRI scanners this would somehow foster competition rather than if a competitor operated one of the MRI scanners. Craven, in effect, argues that giving it a monopoly in the service area would increase competition. We decline to adopt this incongruous line of reasoning.

In Coastal's application, it demonstrated the cost effectiveness of its project and the positive effect it would have on competition in the area. It also projected the lowest net revenue per procedure of any applicant. Thus, there was evidence in the record to support the Agency's decision. This argument is without merit.

[4] In Craven's fourth argument, it contends the Agency erred in failing to find Coastal's application was based on improper self-referrals, in violation of N.C. Gen. Stat. § 90-406, thereby making Coastal's application nonconforming with the CON review criteria. We disagree.

We note that this issue is properly before this Court. Craven raised it in its petition for a contested case hearing, although it was not discussed in the ALJ's recommended decision. We review this matter *de novo*, as it involves the assertion that the Agency committed an error of law. Under this standard of review, we consider the matter anew and may freely substitute the Agency's decision with our own. *Carroll*, 358 N.C. at 660, 599 S.E.2d at 895. Coastal is a division of Coastal Carolina Heath Care (CCHC). In Coastal's application, CCHC pledged to refer virtually all of its patients, approximately 1742 scans, to its Imaging Center. Coastal's MRI services were to be performed under the supervision of a licensed physician from an independent radiology group, Coastal Radiology. Craven contends these referrals violate N.C. Gen. Stat. § 90-406 prohibiting self-referrals, which provides: "[a] health care provider shall not make any referral of any patient to any entity in which the health care provider or group practice or any member of the group practice is an investor." N.C. Gen. Stat. § 90-406(a) (2005).

In deciding whether to issue a CON, the Agency must determine whether an application meets the criteria set forth in N.C. Gen. Stat. § 131E-183(a). *Britthaven, Inc. v. N.C. Dep't of Human Res.*, 118 N.C. App. 379, 384, 455 S.E.2d 455, 460 (1995). The Department contends it is not within its purview to independently consider whether an applicant is in compliance with other statutes when determining whether to grant or deny a CON. Rather, it contends that its review is limited

58        IN THE COURT OF APPEALS

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

to the criteria set forth in N.C. Gen. Stat. § 131E-183, and N.C. Gen. Stat. § 90-407 specifically vests the power to enforce unlawful self-referrals in other state agencies, not itself.

"It is well settled that when a court reviews an agency's interpretation of a statute it administers, the court should defer to the agency's interpretation of the statute . . . as long as the agency's interpretation is reasonable and based on a permissible construction of the statute." *Carpenter v. N.C. Dep't of Human Res.*, 107 N.C. App. 278, 279, 419 S.E.2d 582, 584 (1992). Here, the Agency's interpretation is reasonable. There is no provision in N.C. Gen. Stat. § 131E-183, nor Chapter 131E, which permits the Agency to independently assess whether the applicant is conforming to other statutes. Moreover, N.C. Gen. Stat. § 90-407 states that the authority to enforce unlawful self-referrals is vested with the Attorney General, and subject to disciplinary action from the applicable Board created in Chapter 90 of Article 28 of the General Statutes. Therefore, the Agency did not err in finding that Coastal's application did not violate the state's self-referral law. This argument is without merit.

**[5]** In Craven's fifth argument, it contends the Agency's preference for Coastal had no reasonable basis in the record. We disagree.

In a competitive review, where the Agency finds more than one applicant conforming to the applicable review criteria, it may conduct a comparison of the conforming applications to determine which applicant should be awarded the CON. *Britthaven*, 118 N.C. App. at 385-86, 455 S.E.2d at 461. There is no statute or rule which requires the Agency to utilize certain comparative factors. *Id.* at 384, 455 S.E.2d at 459. In employing a comparative analysis, the Agency may include other " 'findings and conclusions upon which it based its decision.' " *Id.* at 385, 455 S.E.2d at 459 (quoting N.C. Gen. Stat. § 131E-186(b)). "Those additional findings and conclusions give the Agency the opportunity to explain why it finds one applicant preferable to another on a comparative basis." *Id.*

In the instant case, the CON Section compared the following facts: (1) geographic distribution; (2) location; (3) access by underserved groups; (4) operating costs; (5) revenues/net revenues per procedure; and (6) access to an open MRI scanner. Since Craven asserts the Agency's finding was unsupported by the evidence, we apply the whole record test. There was evidence in the record that the service area would benefit from having an additional MRI scanner in an outpatient setting and that Coastal would serve a greater percentage of

CRAVEN REG'L MED. AUTH. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[176 N.C. App. 46 (2006)]

Medicare patients, that is, underserved groups. There was also evidence in the record demonstrating that an open MRI scanner was the most effective alternative for the service area. There was not an open MRI scanner in the service area and Coastal was proposing to use such a scanner, while Craven proposed a closed scanner. The evidence further showed that Coastal proposed the lowest net revenue per procedure, making it more cost efficient.

There were reasons to support both applications and deference must be given to the agency's decision where it chooses between two reasonable alternatives. *Dialysis Care*, 137 N.C. App. at 646, 529 S.E.2d at 261. It would be improper for this Court to substitute our judgment for the Agency's decision where there is substantial evidence in the record to support its findings. This argument is without merit.

[6] In Craven's sixth argument, it contends Coastal impermissibly amended its CON application by substituting a mobile closed MRI, invalidating the basis for the Agency awarding it the CON. We disagree.

Following the final agency decision in favor of Coastal and after the issuance of the CON, Coastal sought a material compliance determination from the CON Section. Coastal informed the CON section that pursuant to its CON for an MRI scanner, it intended to temporarily lease a closed mobile scanner during the construction of the fixed, open MRI scanner proposed in its application.

This issue is not properly before this Court. Our review is limited to the final agency decision. The CON Section granted Coastal's request for a material compliance determination after the CON was issued. Craven is asking this Court to review events which occurred after the issuance of the final agency decision. Craven did not give notice of appeal from this decision. Rule 3(d) of the Rules of Appellate procedure requires that the notice of appeal "shall designate the judgment or order from which appeal is taken." N.C. R. App. P. 3(d) (2005). "Proper notice of appeal is a jurisdictional requirement that may not be waived." *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). As such, "the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." *Id.* In the absence of proper notice of appeal, this Court is without jurisdiction to review this issue.

**[7]** In Craven's seventh and final argument, it contends the Agency correctly found it conforming to Criterion 5, but certain of the findings of fact were misleading and also failed to include facts shown by Craven. We disagree.

A court need not make findings as to every fact which arises from the evidence and need only find those facts which are material to the settlement of the dispute. *Flanders v. Gabriel*, 110 N.C. App. 438, 440, 429 S.E.2d 611, 612 (1993). The Agency stated in its final decision that Craven was conforming to Criterion 5 and nothing further was required. This argument is without merit.

**[8]** Coastal cross-assigns as error the Agency's finding that Craven's application was conforming with Criterion 5 and related rules. Based on our holding that the Agency's approval of Coastal's CON application was supported by the evidence and conforming with the statutory criteria, it is unnecessary that we address this issue.

AFFIRMED.

Judges WYNN and JOHN concur.