IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1106

Filed 2 July 2025

Office of Admin. Hearings County, No. 23DHR05034

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC, Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE OF NEED, Respondent, and SENTARA ADVANCED IMAGING SOLUTIONS, LLC, Respondent-Intervenor.

Appeal by petitioner and cross-appeal by respondent-intervenor from a final decision entered 26 August 2024 by Administrative Law Judge Michael C. Byrne in the Office of Administrative Hearings. Heard in the Court of Appeals 11 June 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Derek L. Hunter, for the respondent-appellee.*

*Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus, Candace S. Friel, Noah H. Huffstetler, and Nathaniel J. Pencook, for the petitioner-appellant.*

*Williams Mullen, by Joy Heath, and Alexander M. Gormley, for the intervenor-appellee.*

TYSON, Judge.

Chesapeake Diagnostic Imaging Centers, LLC ("Petitioner") appeals from a Final Decision by an Administrative Law Judge ("ALJ") affirming the decision of the North Carolina Department of Health and Human Services, Division of Health

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Service Regulations, Healthcare Planning and Certificate of Need Section ("DHHS"). DHHS approved Sentara Advanced Imaging Solutions, LLC's ("Respondent-Intervenor") application for a certificate of need ("CON") for a magnetic resonance imaging ("MRI") machine.

Petitioner appealed DHHS' decision to the Office of Administrative Hearings ("OAH"). The ALJ affirmed DHHS' decision and entered a Final Decision for Respondent-Intervenor on 26 August 2024. Petitioner appeals. Respondent-Intervenor cross-appeals.

## I. Background

The 2022 State Medical Facilities Plan ("2022 SMFP") identified a need for an additional fixed MRI scanner in the northeastern service area of Pasquotank, Camden, Currituck, and Perquimans counties. Respondent-Intervenor operates a fixed hospital-based MRI scanner located at its Sentara Albemarle Medical Center in Elizabeth City, and a mobile MRI which has not moved from the Medical Center since 2017.

Petitioner filed a CON application to build a fixed MRI scanner at a new free-standing diagnostic imaging facility, to be known as Chesapeake Regional Imaging Centers-Elizabeth City. Respondent-Intervenor also filed a CON application to build a new fixed MRI scanner at a new freestanding diagnostic imaging facility, to be known as Sentara Advanced Imaging Solutions- Moyock, in the Town of Moyock

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

located in Currituck County. Respondent-Intervenor also proposed to terminate use of its mobile scanner if its application was approved.

DHHS determined qualified applicants had submitted the two completed applications, and DHHS began its review on or about 1 October 2022. DHHS determined the approval of one application under the 2022 SMFP would result in the denial of the other application. *See* N.C. Gen. Stat. § 131E-183(a)(1) (2023) ("The proposed project shall be consistent with applicable policies and need determinations in the State Medical Facilities Plan, the need determination of which constitutes a determinative limitation on the provision of any health service, health service facility, health service facility beds, dialysis stations, operating rooms, or home health offices that may be approved.").

DHHS issued its decision approving Respondent-Intervenor's application, which rejected Petitioner's application on 27 February 2023. DHHS articulated Petitioner's application was deemed superior on two factors while Respondent-Intervenor's application was superior on three factors during the competitive review. Petitioner's application was deemed superior on the grounds of Competition (Access to new or alternate provider) and Average Operating Expense per MRI procedure. Respondent-Intervenor's application was deemed superior on the grounds of Geographic Accessibility, Access by Medicare Patients, and Access by Medicaid Patients.

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Petitioner filed a petition for Contested Case Hearing in the OAH to seek administrative review of the 27 February 2023 decision on 28 March 2023. The ALJ entered a Final Decision and affirmed DHHS' decision to award Respondent-Intervenor a CON to develop its proposed project. Petitioner appeals. Respondent-Intervenor cross-appeals.

## II.     Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 131E-188(b) and 7A-29(a) (2023).

## III.     Issues

Petitioner argues: (1) it was substantially prejudiced by the ALJ's Final Decision; (2) it was deprived of a property interest in the CON; and, (3) the ALJ's Final Decision was unconstitutional.

Respondent-Intervenor's cross-appeal argues Petitioner lacks the statutory authority to apply for and receive a CON in North Carolina, and the ALJ's findings of Petitioner's financial harm as a result of the CON denial are unsupported by record evidence.

## IV.     Standard of Review

This Court applies a *de novo* standard of review if a party argues DHHS' "findings, inferences, conclusions, or decisions are: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the agency or

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

administrative law judge; (3) made upon unlawful procedure; [or] (4) affected by other error of law[.]" N.C. Gen. Stat. §§ 150B-51(b)(1)-(4) and 51(c) (2023).

If the appealing party argues DHHS' decision was "(5) Unsupported by substantial evidence admissible . . . in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion[,]" this Court must apply the "whole record" test. N.C. Gen. Stat. §§ 150B-51(b)(5)-(6) and 51(c) (2023). A petitioner's status as a denied applicant does not alone constitute substantial prejudice. *CaroMont Health, Inc. v. N.C. HHS Div. of Health Serv. Regul.*, 231 N.C. App. 1, 5, 751 S.E.2d 244, 248 (2013) (citation omitted); *Parkway Urology, P.A. v. N.C. HHS*, 205 N.C. App. 529, 536-37, 696 S.E.2d 187, 193 (2010).

## V.    Petitioner's Appeal

### A. Substantial Prejudice

Petitioner argues the ALJ erred in determining it did not demonstrate substantial prejudice as a matter of law. Petitioner asserts DHHS' denial of its approvable application, which prevents it from adding competition to a particular service area, was sufficient to establish substantial prejudice. Petitioner further argues its appeal brings issues of first impression before this Court by raising the issue of whether limiting competition by denying a competitive applicant's CON is an error of law which warrants reversal.

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM.
SERVS.

*Opinion of the Court*

The Administrative Procedure Act, N.C. Gen. Stat. § 150B-23(a), requires the ALJ to determine whether a petitioner has met its burden by showing the agency substantially prejudiced the petitioner's rights, *and* the agency also acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule. *Surgical Care Affiliates, LLC v. N.C. Dep't of Health & Human Servs.,* 235 N.C. App. 620, 628, 762 S.E.2d 468, 473 (2014); N.C. Gen. Stat. § 150B-23(a) (2023). "These are discrete requirements and proof of one does not automatically establish the other." *Surgical Care Affiliates, LLC.,* 235 N.C. App. at 629-30, 762 S.E.2d at 474. Additionally, a party's status as a denied qualified applicant with a conforming application does not, alone, establish substantial prejudice. *Id.* at 624, 762 S.E.2d at 471.

This Court has examined the issue of competition in the context of substantial prejudice in previous non-competitive CON cases. *See Parkway Urology,* 205 N.C. App. at 539, 696 S.E.2d at 195. In *Parkway Urology*, this Court held treating increased market competition as the basis for a substantial prejudice determination would "eviscerate" the statutory intent of the requirements. *Id.* In order to establish substantial prejudice, the petitioner would have to provide specific evidence of harm, which goes beyond any harm resulting from increased competition. *Id.*

This appeal presents the factual inverse of *Parkway Urology*. Here, Petitioner argues its CON being denied created substantial prejudice because it prevented

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Petitioner from inserting competition into a previously monopolized market. While precedents treat provider monopolies or near-monopolies as salient, monopoly is not a "magic word" without which the ALJ's otherwise sound reasoning becomes prejudicial to  reverse the agency and ALJ. *Fletcher Hospital, Inc. v. N.C. Dep't of Health & Hum. Servs.,* 295 N.C. App. 82, 97, 906 S.E.2d 19, 30 (2024).  An Agency decision denying a CON application's approval does not establish substantial prejudice just because the applicant of a restricted activity is unable to "conduct business as it chooses" and desires to. *See Bio-Medical Applications of N.C.,  Inc. v. N.C. Dep't of Health & Human Servs.,* 282 N.C. App. 413, 417, 871 S.E.2d 555, 559 (2022). The binary "yes" or "no" approval of one application for the additional MRI in the service area under the 2022 SMFP results in the denial of the other application. N.C. Gen. Stat. § 131E-183(a)(1) (2023)

Petitioner's substantial prejudice argument centers around two key factors: (1) its inability to construct its proposed imaging center in a market currently served by Sentara; and, (2) its loss of forecasted revenue from that inability.  The harm required to establish substantial prejudice must be concrete, particularized, and actual or imminent. *Bio-Medical Applications,* 282 N.C. App. at 417, 871 S.E.2d at 559.  The argument for projected loss of revenue is legally insufficient, as it points to notions, which are both conjectural and hypothetical. *Id.*

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Petitioner's financial-harm allegations center around projected financial earnings from a proposed fixed MRI center in a market it currently does not serve and where two existing MRI units are already sited. Petitioner's financial projection models rest upon the presumption North Carolina residents would shift to Petitioner's new fixed MRI center for their imaging needs based on the patients' travel times. With two existing MRI units already sited in Elizabeth City, such factors do not establish financial harm for Petitioner's CON application denial given their hypothetical and unsubstantiated nature.

Respondent-Intervenor's approval for a new MRI unit being sited in Currituck County would not necessarily create market competition in Elizabeth City. This fact, standing alone, is insufficient to establish substantial prejudice for Petitioner. Respondent-Intervenor agreed to give up its mobile MRI unit currently in Elizabeth City. The CON service area is a large 4-county rural area of Pasquotank, Camden, Currituck, and Perquimans counties. Having a permanent unit located in another county within the service area and outside of the more-urban Elizabeth City is, as DHHS found, a benefit to outlying residents.

DHHS deciding a CON application between two applicants in a manner, which fails to increase competition in one city, is not an unauthorized, erroneous, arbitrary or capricious action, was not made from improper procedure, or is inapposite to rule or law. *Id.* For Petitioner to meet its burden, it must show an erroneous or improper

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

action by the Agency during evaluation of the applications, which *in turn resulted* in substantial prejudice. DHHS has no statutory obligation to favor one CON applicant over another, simply because granting one would allow a new provider to enter the same city in the service market.

While precedents show new market activity is a positive factor to consider during a CON application review, it is illogical to demand for DHHS to favor an applicant, who would provide competition to the market if their application was comparatively less favorable to another on the basis of well-established criteria. DHHS possesses authority to prescribe and weigh the multiple factors analyzed during competitive review. *Id.* DHHS was not required to weigh market competition in the same city over other standard factors it has used during previous MRI CON cases. We affirm the ALJ's finding Petitioner was not substantially prejudiced by the denial of its CON application. *Id.*

### B. Property Interest

Petitioner further argues, regardless of the substantial prejudice issue, the ALJ erroneously failed to analyze and rule whether DHHS' decision deprived Petitioner of property. Petitioner claims the ALJ's omission of any finding of fact regarding the putative property interest Petitioner had to an approved CON application took away its right to due process on the issue.

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

When analyzing a due process claim, the first step is to determine whether a "constitutionally protected property interest exists." *Tully v. City of Wilmington,* 370 N.C. 527, 538, 810 S.E.2d 208, 217 (2018). "To demonstrate a [sufficient] property interest…a party must show more than a mere expectation; he must have a legitimate claim of entitlement." *Id.* (citation omitted).  Procedural due process safeguards the security of property interests a person has already acquired. *See DeBruhl v. Mecklenburg County Sheriff's Office,* 259 N.C. App. 50, 56, 815 S.E.2d 1, 5 (2018). To have a property interest in a particular benefit as opposed to a mere expectancy, "a person clearly must have more than an abstract need or desire for it . . .  he  must, instead, have a legitimate claim of entitlement to it." *Id.* at 56, 815 S.E.2d at 5-6 (citation omitted).

After CON applications are submitted to DHHS, the department has the statutory authority to "approve," "approve with conditions," or "deny" any application based upon criteria within DHHS' established purview. N.C. Gen. Stat. § 131E-186(a) (2023).

"In a competitive review, where the Agency finds more than one applicant conforming to the applicable review criteria, it may conduct a comparison of the conforming applications to determine which applicant should be awarded the CON." *Craven Reg'l Med. Auth. v. N.C. Dep't of Health and Hum. Servs.,* 176 N.C. App. 46, 58, 625 S.E.2d 837, 845 (2006). Comparative review allows DHHS a binary "yes" or

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

"no" decision to find one applicant preferable over another so as to deny the less desirable applicant the CON. *See Id.*

Petitioner's application was competitively reviewed against Respondent-Intervenor's application for the same MRI CON. Both applications were deemed complete and approvable under the CON criteria. Neither applicant was guaranteed approval simply based upon this fact. Both Petitioner and Respondent-Intervenor had equal expectations of approval. DHHS has the statutory authority to "approve," "approve with conditions," or "deny" any application based upon DHHS' established purview. N.C. Gen. Stat. § 131E-186(a) (2023).

Given this circumstantial equality, Petitioner's claim of a recognized property interest in CON application approval is unsupported. Petitioner had no legitimate claim of entitlement to an approved CON application from the competitive review. Petitioner's status as a qualified applicant with an approvable application allowed them to enter the competition. Neither factor guarantees Petitioner would win it. It has shown no reversible error in the process, evaluation, review, or in the ALJ's review. Petitioner's claim its application's approval was a legitimate property interest, protected by due process, is without merit and overruled. *Id.*

## C. As-Applied Challenge

The stated legislative purpose of North Carolina's CON law is to "protect the health and welfare" of citizens "by providing affordable access" to health care. *Hope-*

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

*A Women's Cancer Ctr., P.A. v. State,* 203 N.C. App. 593, 603, 693 S.E.2d, 673, 680 (2010). The North Carolina Constitution does not permit the General Assembly to authorize state agencies or commissions to forbid hospitals to construct facilities and provide services merely because doing so would subject other competing hospitals to a competitive market. *See In re Certificate of Need for Aston Park Hosp., Inc.,* 282 N.C. 542, 549, 193 S.E.2d 729, 734 (1973).

DHHS possesses the statutory authority to select review criteria for competitive CON applications, and the agency's fact finding and review are binding so long as the agency did not "act [] outside its authority, act[] arbitrarily or capriciously, use[] improper procedure, or fail[] to act as required by rule or law." *Parkway Urology, P.A.,* 205 N.C. App. at 536, 696 S.E.2d at 193.

The applicant carries the burden and must "demonstrate the expected effects of the proposed services on competition in the proposed service area, including how any enhanced competition will have a positive impact upon the cost effectiveness, quality, and access to the services proposed[.]" N.C. Gen. Stat. §131E-183(a)(18a)(2023). The need determination for covered medical services occurs in the 2022 STMP to initiate the applications and review criteria. *See* N.C. Gen. Stat. § 131E-177 (2023).

This Court has previously held no binding law requires an administrative review agency to examine the effects of a new facility on specific competitors as part

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

of a broader inquiry concerning impact of competition. *See Fletcher Hospital, Inc.,* 295 N.C. App. at 97, 906 S.E.2d at 30. In *Fletcher*, this Court affirmed the ALJ's decision in all respects despite the petitioners' allegations the ALJ had erred by not making a specific analysis of the proposed facilities effect on the petitioner's ability to do business in the market. *Id.*

Petitioner's argument for unconstitutionality of the ALJ's decision hinges on the allegation DHHS' granting Respondent's CON application prevents it from entering the market and restricts its "ability to do business" within the service area. The ALJ was under no obligation to consider the effects of Petitioner's denial on its ability to compete with Respondent within Elizabeth City specifically or in the greater prescribed 4-county area. While DHHS' CON authority does not permit decisions to perpetuate or develop a monopoly, its authority allows CON applications where monopolies might exist as a byproduct of the determined medical need.

Monopolistic enterprises are frequently considered as one portion of the CON review process, but it not the sole deciding factor. As noted above, market competition is also not required to be weighted heavier than other review criteria. Petitioner's application was found to be comparatively less desirable than Respondent's application in three out of five areas, including geographical reach. Petitioner's argument is overruled.

## VI.    Respondent-Intervenor's Cross Appeal

CHESAPEAKE DIAGNOSTIC IMAGING CENTERS, LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Respondent-Intervenor cross appeals and argues Petitioner lacks the statutory authority to apply for and receive a CON in North Carolina and the ALJ's findings of Petitioner's financial harm as a result of the CON denial are unsupported by evidence in the record. Petitioner has filed a motion to dismiss Respondent-Intervenor's cross appeal.

In light of our holding above to affirm the final decision of the ALJ, we need not reach Respondent-Intervenor's arguments and cross appeal. We dismiss Respondent-Intervenor's cross appeal and Petitioner's motion to dismiss as moot.

## VII. Conclusion

The ALJ reviewed DHHS' evidence and findings and heard arguments from Petitioner, Respondent-Intervenor, and DHHS. Petitioner has not demonstrated the ALJ's decision is affected by error or how it was substantially prejudiced. The ALJ's final decision to affirm DHHS' decision to award the CON to Respondent-Intervenor is affirmed. Respondent-Intervenor's cross appeal is dismissed as moot. *It is so ordered.*

AFFIRMED.

Judges STROUD and COLLINS concur.